**GERSTENZANG, Appellant, v. INDUSTRIAL COMMISSION, Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 6586. Decided February 4th, 1946.

B. Wm. Heidkamp, Cincinnati, for appellant.
Edward A. Schott, Cincinnati, for appellee.

## OPINION

PER CURIAM:

Appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton county, denying the right of plaintiff to participate in the State Insurance Fund under the Workmen's Compensation Act. The case was tried to the Court without a jury.

The plaintiff claims the Court erred in its judgment, because:—(1) the plaintiff was an employee of the Meier's Wine Cellars, Inc., which company was a complying employer under the Ohio Workmen's Compensation Act; (2) that while such employee, during the course of his employment and because of same he was injured, in New York City; (3) that his application for compensation to the Industrial Commission of Ohio was denied upon rehearing, for the reason that at the time he received his injury he was not an employee of the Meier's Wine Cellars, Inc. and that his duties, if he was so employed, were to be performed entirely outside the state of Ohio; (4) that the contract of employment was entered into in Hamilton County, Ohio.

The defendant answered, setting up as its first defense a general denial, and as a second defense that all duties of the plaintiff to Meier's Wine Cellars, Inc., were to be performed outside the State of Ohio.

From the transcript of the record before the Industrial Commission on rehearing incorporated in a bill of exceptions, it appears that the plaintiff filed suit against the Meier's Wine Cellars, Inc., in New York, and that such suit was dismissed

after a settlement had been entered into between the parties, through which plaintiff received $242.00 and his attorney $35.00. Such settlement of the action appears endorsed upon the check for $242.00 and reads: "This check together with a check in the sum of $35.00 is in full settlement of the case of Gerstenzang v Meier's Wine Cellars, Inc., and any other claims that payee has against Meier's Wine Cellars, Inc. Said $35.00 is made payable to Abraham Markhoff. Louis R. Gerstenzang."

Plaintiff claims that this settlement cannot be made available to the defendant in this action because estoppel, payment, accord and satisfaction were not pleaded by the defendant.

Reference to the transcript shows that at the trial in the Court of Common Pleas, no objection was made to the introduction of such evidence.

In **Harris v The Wallace Mfg. Co., 84 Oh St., 104,** it is stated at page 108 of the opinion:

"But since in this state of the pleadings the evidence to establish an estoppel was admitted without objection, is it not entitled to be considered, notwithstanding the absence of such allegations as would make it competent?"

See, also, **31 Oh Jur., p. 998, §368.**

The issue of estoppel was therefore before the trial court. The syllabus in **Industrial Commission v Broskey, 128 Oh St., 372,** is:

"1. Additional workmen's compensation will not be awarded a claimant who after receiving an award, sued his contributing employer for damages for the identical personal injuries for which he claims further compensation, and by way of settlement of that suit received a substantial sum which he acknowledged to be satisfactory and in consideration of which he executed to his employer a complete release against all past, present and future claims.

"2. The fact that such settlement was made under a mistake of law avails such claimant nothing, especially when the mistake of law, if any, was induced by such claimant."

It must be presumed that the trial court found the amount received to be a substantial amount and a satisfactory settlement.

No reason appears for disturbing such conclusion and the questions of where the contract was made and the relation-

ship of plaintiff to the Meier's Wine Cellars, Inc., becomes unimportant.

The judgment is affirmed.

HILDEBRANT, P. J., MATTHEWS & ROSS, J. J., concur.