HUFFMAN, APPELLANT, *v.* STONE, APPELLEE.

[Cite as Huffman v. Stone (1971), 26 Ohio St. 2d 159.]

(No. 70-399—Decided May 26, 1971.)

*Messrs. Wright, Harlor, Morris & Arnold, Mr. Rudolph Janata* and *Mr. Charles C. Warner,* for appellant.

*Messrs. Wickham & Wickham* and *Mr. Fred R. Wickham,* for appellee.

*Per Curiam.* The sole question presented is whether the expert witness' opinion testimony concerning the cause of appellant's losing control of his vehicle was properly ruled admissible by the trial court.

The function of expert opinion testimony is well-stated in paragraph one of the syllabus in *McKay Machine Co.* v. *Rodman* (1967), 11 Ohio St. 2d 77, 228 N. E. 2d 304, which reads:

"In all proceedings involving matters of a scientific, mechanical, professional or other like nature, requiring special study, experience or observation not within the common knowledge of laymen, expert opinion testimony is admissible to aid the court or the jury in arriving at a correct determination of the litigated issue."

Appellee contends that the opinion testimony of the expert witness in the case at bar was inadmissible because the expert's opinion was *based upon* a circumstance not established by any testimony, viz., that the wheels of appellant's car locked during its braking process. In support of his contention, appellee relies upon paragraph one of the syllabus in *Burens* v. *Indus. Comm.* (1955), 162 Ohio St. 549, 124 N. E. 2d 724, which reads:

"The *hypothesis* upon which an expert witness is asked to state an opinion must be *based upon* facts within the witness' own personal knowledge or upon facts shown by other evidence." (Emphasis added.)

As noted above, appellant's counsel gave the expert witness a description, supported by the record, of the circumstances surrounding the collision. The expert's opinion was based upon that description. At no point in counsel's hypothesis was any mention made of locked wheels. The expert himself first mentioned the locking of wheels and did so as a part of his opinion regarding why the vehicle went out of control.

If the witness' opinion that the wheels locked was of doubtful worth, the jury was certainly entitled to weigh that opinion accordingly. Full opportunity for cross-examination of the witness was presented, and at no place was his opinion on this point ever questioned.

The judgment of the Court of Appeals is reversed and the judgment of the Court of Common Pleas is affirmed.

*Judgment reversed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.