**Halley**
**v.**
**Grant Trucking**
*[Cite as 2 AOA 204]*

*Case No. 605*
*Jackson County, (4th)*
*Decided April 17, 1990*

*R.C. 4123.01*

*William R. Hamelberg, Columbus, Ohio, for Appellant.*

*Stephen J. Habash & Jerri H. Stewart, Baker & Hostettler, Columbus, Ohio, for Cross-Appellant, Grant Trucking, Inc.*

*Cheryl J. Nester, Assistant Attorney General, Columbus, Ohio, for Cross-Appellants, James L. Mayfield and Industrial Commission of Ohio.*

STEPHENSON, J.

This is an appeal, and cross appeal, from a judgment entered by the Jackson County Court of Common Pleas granting summary judgment to Grant Trucking, Inc., James L. Mayfield, the Administrator of the Bureau of Workman's Compensation, and the Industrial Commission of Ohio,[1] defendants below and cross appellants herein, against Robert M. Halley (hereinafter referred to as "Halley"), plaintiff below and appellant herein.

Halley assigns the following error for review:

"The trial court erred in granting defendant-appellees' motion for summary judgment pursuant to Rule 56, Ohio Rules of Civil Procedure and finding plaintiff-appellant was estopped from pursuing his workman's compensation claim as provided for in Chapter 4123, Ohio Revised Code, as there does exist genuine issues of material fact and this matter should have been presented to the trier of fact."

All three cross-appellants jointly assign the following error:

"The Common Pleas Court did not address in its decision whether Defendants-Cross Appellants were entitled to summary judgment relief on the issue of whether Mr. Halley had failed to establish that he has sustained a compensable injury under the Ohio Workman's Compensation System. As such, the Assignment of Error presented on cross-appeal is whether the testimony of Dr. Rusoff is legally sufficient to withstand a summary judgment motion."

The Administrator of Workman's Compensation and the Industrial Commission assign the following additional error:

"The lower court erred in failing to grant the motion of the defendants for summary judgment on the basis that the plaintiff has suffered no compensable injury."

The facts pertinent to this appeal are as follows. Halley first commenced work for Grant Trucking in 1964 and was continuously employed there as a truck driver until the summer of 1985. In the early part of July, 1985, Halley began experiencing chest pains and breathing trouble while traveling to Pittsburgh, Pennsylvania, to pick up steel supplies for return to Columbus, Ohio. Halley testified, at deposition, that the pain was of sufficient severity that he had to make several stops during the trip to allow it to subside.

These symptoms continued for several days. On July 24, 1985, Halley went to the hospital and was diagnosed as having suffered a myocardial infarction. Subsequently, Halley underwent treatment and cardiac rehabilitation.

In July of 1985, Halley applied for benefits from the Central States Southeast and Southwest Area Health and Welfare Fund (hereinafter referred to as "Central States"). Though no direct evidence is present in the record to explain the relationship between Grant Trucking and Central States, an affidavit attached to the motion for summary judgment suggests that Central States is an entity unrelated to Grant Trucking and is paid regular premiums by Grant Trucking for "non-occupational health coverage for its company drivers."

In completing his application for benefits from Central States, Halley affirmatively represented that his injury was not work related. Subsequently, Halley began receiving the benefits applied for. Halley testified, at deposition, that the daily payments made to him by Central States ceased after six months.

In addition to the benefits obtained from Central States, Halley also commenced a claim for Workman's Compensation Benefits. On February 18, 1987, such claim was disallowed by the hearing officer. Subsequent administrative appeals were overruled on August 18, 1987 and November 25, 1987.[2]

Pursuant to R.C. 4123.519, Halley appealed to the court below, on December 30, 1987, seeking a determination of his right to participate in the Workman's Compensation Fund. All three defendants answered by denying that Halley had any right to participate. During pretrial discovery a deposition of Halley revealed the following explanation for his inconsistent representations regarding the issue of whether his injuries were work related:

"Q. Is there a portion on the part that you fill out that asks whether the disability is work related or not?

"A. I think so.

"Q. Do you know how you filled that out?

"A. I would say I put "no" on it.

"Q. Do you know why you put "no" on it?

"A. *Because if you put "yes," they wouldn't have paid it.*" (emphasis added)

On March 11, 1988, Grant Trucking and the Administrator of Workman's Compensation filed their joint motion for summary judgment. On March 8, 1989, the court rendered its decision that Halley was estopped from claiming his heart condition was caused by job related stress. Accordingly, summary judgment was entered against Halley.

Pursuant to Civ. R. 56(C), summary judgment cannot be rendered unless there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Further, the non-moving party is entitled to have all evidence construed most strongly in his favor and then judgment cannot be rendered unless reasonable minds could come only to that conclusion which is adverse to the non-moving party.

In his first assignment of error, Halley argues, *inter alia*, that the trial court's application of the doctrine of estoppel to the present case is without any legal foundation. Thus, Halley continues, a summary judgment on that theory was improper. We agree.

At the outset, we note that an estoppel argument, in general, has been accepted to a certain degree in workman's compensation cases. In *Industrial Commission v. Broskey* (1934), 128 Ohio St. 372, the Supreme Court accepted an estoppel argument against an employee who settled with an employer for injuries and then, without restoring such benefits, sought compensation under the State's insurance fund. Estoppel has also been applied in other decisions. See *State, ex rel Campbell v. Industrial Commission* (1944), 143 Ohio St. 50; *Gerstenzang vs. Industrial Commission* (C.A. 1 1946), 45 Ohio Law Abs. 295; *Smith v. Price Bros. Co.* (C.A. 6 1942), 131 F. 2d 750.

However, an estoppel defense cannot be applied in the present case. The Ohio Supreme Court has stated that "[a]n estoppel . . . arises where one is prejudiced by the willful act or declaration of another upon whose conduct the former has rightfully *acted*." (emphasis added). See syllabus in *Ensel v. Levy & Bro.* (1889), 46 Ohio St. 255. It is essential that the party asserting an estoppel have taken some kind of *action*, to its detriment, upon representations made by the party against whom estoppel is asserted. If a party has not altered its position, or taken a course of action, to its detriment, an estoppel will not arise. See *State, ex rel Chapman v. Urschel* (1922), 104 Ohio St. 172, 179; *Scholl v. Scholl*, (1930), 123 Ohio St. 1, 6.

Neither Grant Trucking, nor the Industrial Commission, have shown any reliance, action or altered position taken by them on Halley's representations. Therefore, they are not the proper parties to raise an estoppel argument below.

Though we can find no decision by an Ohio court where this precise issue has been determined, our holding is in accord with similar cases decided in other jurisdictions. In *Northwestern National Ins. Co. v. Kirchoff*, (Tex. C.A. 14 1968), 427 S.W. 2d 638, a Texas Court of Appeals was presented with a case similar to the one at bar. Therein, an employee, having suffered back injury applied for and accepted benefits from the employer's group insurance which excluded injuries as would be compensable under workman's compensation. Subsequently, the employee filed a claim for workman's compensation. In rejecting both an estoppel and an election of remedies theory, the court stated as follows:

"In the first place the plaintiff did not make an election to use one of two inconsistent remedies; he, rather, claimed a right inconsistent to his claim for workmen's compensation. *His inconsistent claims were not against the same party. There was no privity as between the two parties against whom the inconsistent rights were claimed.* The plaintiff's claim against the group insurance carrier did not deprive this defendant compensation carrier of any subrogation rights nor otherwise harm the defendant nor cause it to lose any right of any character. *The statement of inconsistent facts incorporated in the plaintiff's claim against the group insurance carrier was not a statement made to the defendant on which the defendant relied to its detriment.* Under those circumstances neither the doctrine of election of remedies nor estoppel is applicable to bar the plaintiff's claim for compensation from defendant." (emphasis added) *Id.* at 642

An estoppel theory was also rejected by the Supreme Court of Mississippi in *General Electric and Machinery Co. v. Shelton* (1969), 220 So. 2d 320, 323, wherein the court held that the signing of an application for group insurance benefits is not a bar *per se* to a claim under that states Workman's Compensation Act but rather was a factor to consider in "determining whether or not the injury was work connected." In *Cotton States Ins. Co. v. Rutledge* (GA. C.A. 2 1976), 229 S.E. 2d 531, 533 a Georgia Court of Appeals held that an estoppel argument would not operate to preclude a claim of an industrial accident arising out of employment despite the employee's collection of medical insurance benefits paid after he "avowed that the illness was not a compensable industrial accident." As in *Kirchoff*, supra, the Court ruled that the estoppel claim foundered on the basis that the inconsistent claims were to two different parties.

In the case at bar, Halleys representation, that his injury was not work related, was made

to Central States. The action taken, in detrimental reliance, on such representation was taken by Central States. Thus, Central States would be the party to argue an estoppel rather than Grant Trucking and the Industrial Commission. While we do not condone the admittedly deceptive action taken by Halley, we must, nevertheless, sustain his assignment of error.

We shall next consider the two cross assignments of error which, though separately made, present the same arguments. The cross appellants' argue that the court below should also have sustained their motion for summary judgment on the basis that Halley's myocardial infarction was not compensable under Ohio law. We note that the trial court did not rule upon this alternative defense argument, since the decision granting judgment was based solely upon an estoppel theory. A reviewing court passes upon the correctness of a judgment and not reasons for a judgment. See *Wright v. Hull* 83 Ohio St. 385, 394; *Taylor v. Yale & Town Mfg.* (1987), 36 Ohio App. 3d 62, 63. If, as a matter of law, appellees were entitled to summary judgment on the alternative defense, we would be required to affirm.

The first argument advanced by cross-appellants is that the medical testimony of Halley's expert, Maurice B. Rusoff, M.D., is legally insufficient to establish a causal relationship between any stress, or strain, and the subsequent injury. We disagree.

Our review of the transcripts of Dr. Rusoff's three depositions, reveal the following expert opinion given on the issue of causation:

"Q. Based upon the foregoing set of hypothetical facts as being true and your review of the Holzer Medical Center records for the period July 24, 1985 to August 3, 1985 which you have previously testified to, as well as your own exam and findings which you have also previously testified to, in your expert medical opinion based upon a reasonable degree of medical probability and certainty did Mr. Halley's work activity as described in the hypothetical question presented *directly and proximately cause his myocardial infarction* and heart failure on or about July 24, 1985?

"MR. HABASH: Object.

"Q. Yes or no?

"A. The answer is yes.

"Q. Could you please state your reasons why you feel it is directly and approximately caused by the work activity described?

"A. We have a man and it has been mentioned before, he has risk factors, factors that can cause a heart attack. In addition to the stress of driving there was also strain associated with it. There was strain in lifting 150 pounds of tarp and putting it on the truck, which made Mr. Halley feel ill, although he had some help from his son. So we have both the stress and strain. The strain exerts pressure upon the heart. The diaphragm is fixed, the air is in the lungs, the muscles of the chest cause constriction of the chest and cause pressure on the heart and unfortunately the vessels supplying blood to the heart are on the surface of the heart. They become compressed as well. The strain alone causes compression against the arteries. The stress while driving an 18-wheeler requiring continuous effort and vigilance of a marked extent is sufficient alone to cause this heart attack.

"But in any event, despite whatever condition we had in this man prior to the occurrence in question, mainly the time from July 15th, to July 23rd, we have here the straw that broke the camel's back and caused this man to have a heart attack which is documented in the exhibits supplied to me prior to help with the hypothetical question.

"Q. Your opinion is that the heart attack, based upon the reasonable degree of medical certainty and probability, was directly related to the activity as described from July 15, 1985 through July 23, 1985?

"MR. HABASH: Object.

"A. Yes."

Cross-appellants assert that Dr. Rusoff was not "in a position to evaluate [Halley's] physical stress or strain as a causative factor." Cross-appellants advance several bases for this position including that Dr. Rusoff was not able to evaluate the level of physical stress and strain which Halley was under prior to the accident; that Dr. Rusoff's opinion was based on certain facts revealed to him for the first time in the posed hypothetical question; and that Dr. Rusoff had taken an inadequate medical history from Halley.

While such factors are certainly appropriate to attack the weight or credibility of an expert opinion, they are not appropriate to consider in evaluating a motion for summary judgment. It is improper to render summary judgment if the court would be required to pass upon the credibility of witnesses or to weigh their testimony before reaching its conclusion. *Killilea v. Sears. Roebuck and Co.* (1985), 27 Ohio App.

3d 163. "[T]he purpose of summary judgment is *not to try the issues of fact*, but rather to determine whether triable issues of fact exist." (emphasis added) *Viock v. Stowe Woodword Co.* (1983), 13 Ohio App. 3d 7, 15. It is generally inappropriate to consider either "the quantum" or the "superior credibility" of evidence in considering summary judgment. *Hirschberg v. Albright* (C.A. 1 1974), 322 N.E. 2d 682, 683. Thus, in the cause *sub judice,* the court could not consider any credibility or weight which Dr. Rusoff's opinion might be lacking.

We would further note that, at least in the context of a trial, an expert opinion of doubtful worth should be submitted to a jury, who can afford it appropriate weight, rather than be excluded. *Huffman v. Stone* (1971), 26 Ohio St. 2d 159, 160. Such a principle is too easily circumvented if we were to allow exclusion of the expert opinion during summary judgment before a trial is even begun. We are also cognizant that in general tort or injury cases, proximate cause issues are seldom resolvable by summary judgment. *Whiteleather v. Yosowitz* (1983), 10 Ohio App. 3d 272, 274.

Insomuch as we must examine the record on appeal in a light most favorable to the opposing the motion for summary judgment, *Munoz v. Flower Hospital* (1985), 30 Ohio App. 3d 162, 165; *Engel v. Corrigan* (1983), 12 Ohio App. 3d 34, 35; *Williams v. First United Church of Christ* (1974), 37 Ohio St. 2d 150, 151-152, we are not persuaded that Dr. Rusoff's testimony and expert opinion are legally insufficient to withstand summary judgment.

Accordingly, both cross assignments of error are overruled.[3] Having found that estoppel cannot legally bar the claim asserted by Halley under the facts presented, we remand this case for further proceedings.

GREY, J., Concurring:
I concur in the judgment and opinion, but I do not agree with the majority's characterization of Halley's conduct as an " ... admittedly deceptive action...".

It was not deceptive. It appears that Halley had two kinds of insurance. One, Worker's Compensation, covered work-related injuries, and the other, with Central State covered non-work-related injuries; and thus, Halley would appear to be covered for all eventualities. It is entirely proper to file claims under both policies; since coverage must result from one or the other.

It may well be that Worker's Compensation and Central State use different standards to determine what is work-related, thus, a claim might be covered by both.

The situation here is analogous to Civ. R. 8(E)(2) which states:

"(2) A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses.

\*\*\*\*\*\*

"A party may also state as many separate claims or defenses as he has *regardless of consistency* and whether based on legal or equitable grounds." (Emphasis supplied).

The majority characterizesHalley's conduct as deceptive, yet it is a far more common occurrence for a person such as Halley to be denied coverage from one on the grounds that the injury was work-related and from the other on the grounds that the injury was not work-related.

*Judgment reversed and cause remanded.*

GREY, J., Concur w/Opinion
HARSHA, J., Concur in Judgment and Opinion

---

[1] These parties shall hereinafter be respectively referred to as "Grant Trucking," "Administrator of Workman's Compensation" and the "Industrial Commission" when referred to individually.

[2] The rulings made on the subsequent administrative appeals are not contained in the record. Such information was garnered from allegations contained in Halley's complaint filed below.

[3] A second argument has been presented in the assignment of error, by the Administrator of Workman's Compensation and the Industrial Commission, i.e. that the court erred in not ruling that Halley's injuries did not satisfy the test in *Ryan v. Connor* (1986), 28 Ohio St 3d 406, 409, for compensable stress related ·injury. However, we do not address such argument because Halley has asserted that a stress related injury is not the basis of his action. During oral argument if the summary judgment motion below, Halley, by counsel, argued as follows:

"JUDGE MARTIN: What do you mean by stressful?

MR. HAMELBERG: Just physically stressful of driving an eighteen-wheel truck. It's a . . .

JUDGE MARTIN: Is it the same notion that Mr. Habash had as a strain?

MR. HAMELBERG: The strain, physical strain, causing an injury as opposed to ...*We're not alleging and we never have alleged and I'm* not certain whether the employer made our case for us that we're alleging *some type of emotional stress* here. We're not. *This case is based totally on*

*the physical stress of driving a truck* for long hours over a period of approximately ten days, which finally culminated in taking a tarp off the truck on July 23rd and then after that he drove approximately ten miles and couldn't drive any more because of the chest pains and stopped for approximately two hours and then went home. It's totally a physical stress-related case," (Emphasis added)

Furthermore, Halley does not argue, in his brief, that this is a case concerning an injury arising from emotional distress. Thus, we do not consider the argument.