This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Joel Helms ("Helms"), appeals the decision of the Summit County Court of Common Pleas granting appellee, Attorney Peter Cahoon ("Cahoon"), summary judgment. We affirm.
 I.
In January 1998, the Summit County Court of Common Pleas convicted Helms of burglary. On August 4, 1999, Helms filed a complaint against Cahoon for legal malpractice regarding Cahoon's representation of Helms in the criminal case. In the criminal case, Helms, the co-owner and manager of an apartment complex, entered a tenant's apartment with a .22 caliber rifle. See State v. Helms (Mar. 24, 1999), Summit App. No. 18940, unreported, at 2-4. Helms' complaint for legal malpractice asserts that Cahoon failed to raise the defense of privilege at any stage of Helms' criminal proceeding.
Cahoon moved the trial court for summary judgment. In response, Helms filed an affidavit. The trial court characterized Helms' affidavit as "self serving" and on April 20, 2000, the trial court granted Cahoon's motion for summary judgment. This appeal followed.
 II.
Assignment of Error:
 THE TRIAL COURT ERRED BY AWARDING SUMMARY JUDGMENT TO THE DEFENDANT AND DISMISSING THE ACTION.
In his sole assignment of error, Helms challenges the trial court's decision to grant summary judgment to Cahoon. Specifically, Helms asserts that the trial court weighed the credibility of a witness in its decision to grant summary judgment.
To prevail on a summary judgment motion, the moving party "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.) Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. To accomplish this, the movant must be able to point out to the trial court "evidentiary materials [that] show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." Id. at 293. If such evidence is produced, the non-moving party must proffer evidence that some issue of material fact remains for the trial court to resolve. Id.
An appellate court reviews an award of summary judgment de novo and, like the trial court, must view the facts in the case in the light most favorable to the non-moving party. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Any doubt must be resolved in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7,12.
Where the non-moving party would have the burden of proving all of a number of elements in order to prevail at trial, the moving party in the summary judgment motion may point to evidence that the non-moving party cannot possibly prevail on an essential element of the claim. See, e.g.,Stivison v. Goodyear Tire Rubber Co. (1997), 80 Ohio St.3d 498, 499. If the moving party meets this burden of proof, the burden then shifts to the non-moving party to show that there is a genuine issue of material fact as to that element. Dresher, 75 Ohio St.3d at 293.
To establish a case for legal malpractice one must prove three elements: 1) the attorney owed a duty; 2) there was a breach of that duty and the attorney failed to conform to the standard of care required by law; and 3) there was a causal connection between the conduct complained of and the resulting damage. Vahila v. Hall (1997), 77 Ohio St.3d 421,427.
In support of his motion for summary judgment, Cahoon provided the trial court with many items including an affidavit and a transcript of proceedings from Helms' criminal case. See Civ.R. 56(C). The transcript reveals that Cahoon did raise the defense of privilege during Helms' criminal trial. In his opening statement, Cahoon stated "I submit to you that the evidence will show that Mr. Helms did not in any way trespasswithout privilege or consent into [the tenant's] property." (Emphasis added.) Cahoon elicited testimony from Helms, the tenant and a witness for the prosecution regarding the defense of privilege. During closing argument, Cahoon stated that Helms did not enter the tenant's property without privilege.
In response to Cahoon's motion for summary judgment, Helms' submitted an affidavit. The trial court discounted Helms' sworn testimony and labeled it "self-serving." Presumably, all evidence presented by a party supporting or opposing summary judgment is self-serving in the sense it is intended to aid, rather than damage, the party's case. However, labeling evidence as "self-serving" is not the same thing as implying that same evidence lacks credibility simply because it benefits the party's position. The trial court cannot weigh credibility when considering evidentiary material presented in favor of, or in opposition to, a motion for summary judgment. Halley v. Grant Trucking, Inc. (1990), 67 Ohio App.3d 357, 364, citing Killilea v. Sears, Roebuck Co. (1985), 27 Ohio App.3d 163, 167-168. "Issues of credibility of affiants are not issues properly decided or disposed of by a motion for summary judgment." Aglinsky v. Cleveland Builders Supply Co. (1990),68 Ohio App.3d 810, 817.
Therefore, we shall review the evidence before the trial court without determining the credibility of Helms. After resolving doubts and construing the evidence most favorably for Helms, the nonmoving party, we find Cahoon was entitled to summary judgment.
Cahoon presented evidence that he had raised the defense of privilege at Helms' criminal trial demonstrating that Helms could not possibly prevail on the essential element of breach in his legal malpractice claim. See, e.g., Stivison, 80 Ohio St.3d at 499. Once Cahoon met hisDresher burden of proof, the burden then shifted to Helms to show that there was a genuine issue of material fact as to that element. Dresher,75 Ohio St.3d at 293.
Helms' affidavit states factors that could give rise to the defense of privilege in the facts surrounding his criminal case. However, he failed to make a showing of evidence as to the existence of the breach of his attorney's duty at his criminal proceedings, which is an essential element of his cause of action. "[T]here can be `no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Dresher, 75 Ohio St.3d at 288, quoting Celotexv. Catrett, 477 U.S. 317, 322-23, 91 L.Ed.2d 265, 273. Accordingly, the trial court did not err in granting summary judgment to Cahoon. Helms' sole assignment of error is overruled.
 III.
Having overruled Helms' sole assignment of error, we affirm the judgment of the trial court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BATCHELDER, P.J., CARR, J. CONCUR.