DECISION AND JUDGMENT ENTRY
{¶ 1} The facts giving rise to this appeal are as follows. In July 2000, William and Sandra Lagger attempted to refinance their home located at 130 St. Richards Court in Swanton Ohio. Appellee, Express Title Service of Ohio. Inc ("Express"), was the closing agent for the Laggers' lender, Sovereign Bank. As part of the transaction, Express agreed to pay off the Laggers' mortgage with First Federal Savings and Loan Association of Delta, Ohio. Instead, Express mistakenly paid off a mortgage obtained through ABN AMRO which encumbered property located at 2013 Stengel Street, Maumee, Ohio. The Stengel Street property was owned by William Lagger's ex-wife, appellant Charyel Lagger.
 {¶ 2} On January 19, 2001, Express filed a complaint against appellant alleging unjust enrichment. Express sought a money judgment in the amount of $46,043.37, the amount paid to ABN-AMRO for the Stengel Street mortgage. Express filed a motion for summary judgment, which was granted on February 25, 2002. Appellant now appeals setting forth the following assignment of error:
 {¶ 3} "The lower court erred in granting Express summary judgment."
 {¶ 4} Summary judgment is a method for promptly disposing of actions in which there is no genuine issue of material fact. Norris v.Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1, 2. The purpose of summary judgment is not to try issues of fact, but is, rather, to determine whether triable issues of fact exist. Fuller v. German Motor Sales, Inc.
(1988), 51 Ohio App.3d 101. Therefore, in determining a motion for summary judgment, a court does not try the issues of the credibility of the witnesses or weigh the evidence. Halley v. Grant Trucking, Inc.
(1990), 67 Ohio App.3d 357, 364; Paul v. Uniroyal Plastics Co. (1988),62 Ohio App.3d 277, 282.
 {¶ 5} Furthermore, the moving party bears the burden of showing that no genuine issue of material fact exists for trial. Harless v.Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66. Therefore, the moving party is required to "specifically delineate the basis upon which summary judgment is sought ***." Mitseff v. Wheeler (1988),38 Ohio St.3d 112, syllabus. Once the moving party sets forth specific reasons for summary judgment, the nonmoving party bears a reciprocal burden to produce evidence on any element essential to his case for which he bears the burden of proof at trial. Celotex Corp. v. Catrett (1986),477 U.S. 317, 322-323.
 {¶ 6} Summary judgment is controlled by Civ.R. 56(C), which states in pertinent part:
 {¶ 7} "*** Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. ***"
 {¶ 8} The trial court granted summary judgment to appellee based on the theory of unjust enrichment. Appellant contends that because she never received the $46,043.37, she was not unjustly enriched.
 {¶ 9} Unjust enrichment occurs when a party has or retains money or benefits, which in justice and equity belong to another. Hummel v.Hummel (1938), 133 Ohio St. 520, 528. To prove unjust enrichment certain factors must be present: (1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit, and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment. Burgin v. Madden, 6th Dist. No. L-01-1267, 2002-Ohio-2636, at P29, citing Hambleton v. R.G. BarryCorp.(1984), 12 Ohio St.3d 179, 183.
 {¶ 10} While it is true that appellant never received $46,043.37 in cash, she clearly benefited from the fact that she no longer had a mortgage payment. As appellant's mortgage note was stamped "paid and cancelled" and filed with the Fulton County Recorder's office, knowledge of this benefit can be inferred. It is regrettable that the appellant may be left in a more financially difficult position than she was before her mortgage was paid. This court is left puzzled as to why appellant's mortgagee, ABN AMRO, was never joined as a party to this action. Nevertheless, viewing the facts before us, we must conclude that appellant was unjustly enriched as that concept is defined above. Accordingly, appellant's sole assignment of error is found not well-taken.
 {¶ 11} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Common Pleas Court is affirmed. Costs assessed to appellant.
 JUDGMENT AFFIRMED.