[Cite as *Calderone v. Baird*, 2025-Ohio-799.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| JACQUELYN M. CALDERONE, | **CASE NO. 2024-T-0067** |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| ROBERTO B. DUEBELT, | |
| Defendant, | Trial Court No. 2022 CV 00629 |
| SCOTT W. BAIRD, | |
| Defendant-Appellant. | |

## O P I N I O N

Decided: March 10, 2025
Judgment: Affirmed

*William R. Biviano*, Biviano Law Firm, 108 Main Avenue, S.W., Suite 700, Warren, OH 44481 (For Plaintiff-Appellee).

*Daniel G. Keating*, Keating Law Office, 170 Monroe Street, N.W., Warren, OH 44483 (For Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1} Appellant, Scott W. Baird, appeals the judgment finding him jointly and severally liable with Roberto B. Duebelt to appellee, Jacquelyn M. Calderone, on a claim for unjust enrichment in the amount of $13,539.30. We affirm.

{¶2} In 2022, Calderone filed a complaint against her former fiancé, Roberto B. Duebelt, and, in 2023, filed an amended complaint with leave of the court against Duebelt and Baird. Calderone claimed that Duebelt requested to borrow $27,274.30 from her to

pay off an unsecured loan to Farmers National Bank ("Farmers Bank") on which he was liable. Baird was a coborrower on the loan with Duebelt, but Duebelt failed to disclose this to Calderone. Calderone alleged that she agreed to lend Duebelt the money, and she issued a check to Farmers Bank on his behalf. In return, Calderone maintained that Duebelt agreed to make monthly payments of $500 to her until he refinanced or sold certain real property that he had purchased with the Farmers Bank loan, at which time he would pay the remaining balance due to Calderone in full. Thereafter, Calderone claimed that Duebelt made no monthly payments to her, and he repaid her only $10,000 after he sold the property. Calderone further claimed that she and Duebelt terminated their engagement in January 2020, and they agreed to sell the engagement ring and to apply the proceeds toward Duebelt's debt to her. Calderone received $3,735 from the ring sale.

{¶3} Based on these allegations, Calderone asserted claims of breach of contract and fraud against Duebelt and a claim of unjust enrichment against Duebelt and Baird.

{¶4} Thereafter, Duebelt and Baird each filed motions for summary judgment, which the trial court denied. The case then proceeded to bench trial, where Duebelt maintained that Calderone's payoff of the loan was a birthday gift to him, and Baird maintained he did not ask Calderone to pay off the loan, he did not know Calderone planned to pay off the loan until after she made the payment, and he received no benefit from Calderone's payoff of the loan.

{¶5} Following trial, in a judgment entered on July 31, 2024, the court found Calderone's testimony that she and Duebelt entered into an oral contract for repayment of the payoff to be more credible than Duebelt's assertion that the payoff was a gift. The

2

court also determined that Duebelt had concealed from Calderone that Baird was jointly liable on the loan. The court further determined that Duebelt and Baird were unjustly enriched by Calderone's payoff of the loan. The court entered judgment against Duebelt and Baird jointly and severally in the amount of $13,539.30, plus interest, and the costs of the action.

**{¶6}** In his sole assigned error, Baird contends:

**{¶7}** "The trial court erred in finding that defendant/appellant, Scott W. Baird, was unjustly enriched and therefore liable to plaintiff/appellee in the amount of $13,359.30."

**{¶8}** Although Baird does not specifically set forth the applicable standard of this court's review, he does not challenge the trial court's findings of fact, and, instead, his arguments pertain to the trial court's application of the law to those facts. "This court's review of the trial court's application of the law to largely undisputed facts is de novo." *Staric v. Moriarity*, 2022-Ohio-2626, ¶ 7 (11th Dist.), citing *Ross v. Cuyahoga Cty. Bd. of Revision*, 2018-Ohio-4746, ¶ 8.

**{¶9}** "A successful claim of unjust enrichment requires a showing that (1) a benefit was conferred by the plaintiff on the defendant, (2) the defendant had knowledge of the benefit, and (3) the defendant retained the benefit under circumstances in which it was unjust to do so without payment." *Bunta v. Superior VacuPress, L.L.C.*, 2022-Ohio-4363, ¶ 36, citing *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183 (1984).

> Unjust enrichment is an equitable claim based on a contract implied in law, *see Hummel v. Hummel*, 133 Ohio St. 520, 525-528, 14 N.E.2d 923 (1938), the purpose of which "is not to compensate the plaintiff for any loss or damage suffered by [her] but to compensate [her] for the benefit [she] has conferred on the defendant," *Hughes v. Oberholtzer*, 162 Ohio St. 330, 335, 123 N.E.2d 393 (1954).

3

Case No. 2024-T-0067

*Bunta* at ¶ 36.

{¶10} In support of his assigned error, Baird first argues that he did not receive a benefit from Calderone's payoff of the Farmers Bank loan. In support, Baird cites the undisputed evidence that the loan was not in default when paid by Calderone, as it was not due to be paid until 23 days after Calderone made payment. Baird further relies on his undisputed testimony that he was unconcerned that the payment on the loan was coming due, as, if Duebelt was unable to make the payment, Baird was financially able to pay the debt. Alternatively, Baird contends that he could have exercised other options "such that he would never have had to pay the amount due on the note."

{¶11} However, Baird's position that he received no benefit from Calderone's payoff of the loan is untenable. Although Baird may have preferred to exercise other options to resolve his liability on the note, there is no question that Calderone's payoff of the loan extinguished the debt to Farmers Bank on which Baird and Duebelt were jointly liable. That Baird could have proceeded in a different manner than paying off the loan does not negate that he received a benefit. *See Express Title Services of Ohio, Inc. v. Lagger*, 2003-Ohio-5267, ¶ 10 (6th Dist.). Thus, Calderone conferred a benefit on Baird for purposes of her unjust enrichment claim.

{¶12} Baird next appears to raise an argument that because the trial court found that a contract existed between Calderone and Duebelt, Calderone cannot also recover on an unjust enrichment claim. In support, relying on *Ullmann v. May*, 147 Ohio St. 468 (1947), Baird argues, "It has been held that a person is not entitled to be compensated on the grounds of unjust enrichment where there is an underlying contract for the subject of the debt." However, *Ullmann* involved claims between the contracting parties, where

4

the claimant sought payment beyond that required by the parties' agreement. *Ullmann* at 475 (Neither quantum meruit nor unjust enrichment applies where there is "an express contract which has not been breached, and no fraud or bad faith necessary to support the theory of unjust enrichment has been shown."). *See also* Restatement of the Law 3d, Restitution and Unjust Enrichment, § 2 (2011) ("A valid contract defines the obligations of the parties as to matters within its scope, displacing to that extent any inquiry into unjust enrichment.").

{¶13} However, here, Baird was not a party to the contract between Calderone and Duebelt, and Baird does not develop an argument as to how the existence of a breached contract between Calderone and Duebelt would preclude recovery against Baird on an unjust enrichment claim. *See S. Russell v. Upchurch*, 2003-Ohio-2099, ¶ 10 (11th Dist.) (an appellant bears the burden of affirmatively demonstrating error on appeal).

{¶14} Baird next argues that, because he was unaware that Calderone paid the loan until after the fact, Calderone failed to establish that he had knowledge of the benefit. Baird contrasts this case with that of *Thrasher Dinsmore & Dolan, LPA v. Ross*, 2024-Ohio-1594 (8th Dist.), in support of his position that the "knowledge" element of unjust enrichment requires knowledge contemporaneous with or prior to receipt of the benefit.

{¶15} In *Thrasher*, the Eighth District determined that a law firm had established the knowledge element of an unjust enrichment claim for legal services where the litigant was aware from his participation in conferences and telephone calls with the law firm that the firm was providing legal services on his behalf. *Id.* at ¶ 32. However, it does not follow that knowledge of the benefit for purposes of an unjust enrichment claim must occur prior to or contemporaneous with the conferral of the benefit. On the contrary, courts have

5

determined that after-the-fact knowledge of a benefit may satisfy the knowledge element of an unjust enrichment claim. *See Express Title*, 2003-Ohio-5267, at ¶ 10 (where closing agent mistakenly paid off borrower's ex-wife's mortgage during refinancing, ex-wife's knowledge of the benefit inferred by the recording of the mortgage note marked "paid and cancelled"); *see also State Farm Mut. Auto. Ins. Co. v. Balcer Performance & Restoration*, 2018-Ohio-4868, ¶ 17 (8th Dist.).

{¶16} Last, Baird maintains that because Calderone voluntarily paid the loan pursuant to her agreement with Duebelt, it is not equitably unjust for Baird to retain the benefit. In support, Baird relies on *Wendover Rd. Prop. Owners Assn. v. Kornicks*, 28 Ohio App.3d 101 (8th Dist. 1985). However, *Wendover* involved a property owners' association that made improvements that benefited a property owner who was not a member of the association and had refused to participate in the improvements. *Id.* The *Wendover* court applied the general rule that "one who officiously confers a benefit upon another is not entitled to restitution therefor." *Id.* at 104. The court stated:

> The general state of the law on officious acts was summed up as follows by the Dean of the Vanderbilt University School of Law: "One who, without intent to act gratuitously, confers a measurable benefit upon another, is entitled to restitution, if he affords the other an opportunity to decline the benefit *or else has a reasonable excuse for failing to do so. If the other refuses to receive the benefit*, he is not required to make restitution unless the actor justifiably performs for the other a duty imposed upon him by law." Wade, Restitution for Benefits Conferred Without Request (1966), 19 Van.L.Rev. 1183, 1212.

(Emphasis added.) *Wendover* at 105. Accordingly, the *Wendover* court determined that the association could not recover for the benefit conferred on the property owner on a claim for unjust enrichment.

6

Case No. 2024-T-0067

{¶17} Unlike *Wendover*, here, Calderone was unaware that her payoff of the loan would confer a benefit on Baird pursuant to the trial court's finding that Duebelt concealed Baird's liability on the loan, which Baird does not dispute in this appeal. Thus, Calderone had a reasonable excuse for failing to afford Baird the opportunity to decline the benefit.

{¶18} Accordingly, for the foregoing reasons, we conclude that Baird's sole assigned error lacks merit.

{¶19} The judgment is affirmed.


MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2024-T-0067