The STATE of Ohio, Appellee,

v.

KARNS, Appellant.

[Cite as *State v. Karns* (1992), 80 Ohio App.3d 199.]

Court of Appeals of Ohio,
Hamilton County.

No. C–900919.

Decided May 20, 1992.

*Arthur M. Ney, Jr.,* Prosecuting Attorney, and *L. Susan Laker,* Assistant Prosecuting Attorney, for appellee.

*Jack H. Berger,* for appellant.

*Per Curiam.*

Defendant-appellant Roy Karns appeals from the judgment of the Hamilton County Court of Common Pleas in which he was convicted of three counts of theft in violation of R.C. 2913.02. For the reasons that follow, we affirm the trial court's judgment.

On December 3, 1988, the appellant, a general contractor with forty-three years' experience, entered into a written contract with Bobby J. Sferra to make certain improvements to her home, including adding a new roof, enlarging the kitchen and constructing a family-room addition. The contract price

for all work, material and labor was $25,000, which was to be paid in five $5,000 installments, the first of which was due upon the execution of the contract. During the course of the construction, appellant suggested that the chimney called for in the family-room plans be changed so as to be on the outside of the premises at an additional cost of $1,000. Appellant also suggested replacing the gutters on Sferra's home for an additional $800. Finally appellant suggested removing a wall on Sferra's residence for $2,080.

By March 17, 1989, Sferra had paid appellant $15,020. However, as of May 1989, appellant and his workers abandoned the project despite Sferra's request that appellant complete the job. Sferra spent an additional $28,000 to complete the work.

On January 9, 1989, appellant entered into a written contract with Robert and Linda Zierolf to remodel the basement of their home. The contract price was $7,300 to be paid in three installments of $1,800 and a final installment of $1,700. The first payment became due upon the execution of the contract. The Zierolfs ultimately paid the appellant $6,575 toward the contract price. By the end of March 1989, appellant and his workers had abandoned the project prior to its completion, despite the Zierolfs' demands that appellant finish the work. It cost the Zierolfs an additional $5,657 to complete the remodeling of their basement.

On April 30, 1989, the appellant entered into a contract with Bruce and Nancy Smith to make certain repairs to their home. These repairs included filling in an old cistern, building a drain, and waterproofing the exterior walls of the house. The contract price was $2,880, with $1,500 to be paid at the time of the signing of the contract and $1,300 to be paid upon completion. The Smiths paid appellant $2,780 as of May 30, 1989. However, the appellant and his workers, again, did not finish the job. Smith testified that he eventually filled in the cistern himself, a job that took him between forty and fifty hours to complete.

On October 4, 1989, the appellant was indicted by the Grand Jury of Hamilton County on four counts of theft. The indictment alleged that appellant knowingly obtained construction fees from homeowners for work that he did not intend to complete and that the appellant had been convicted previously of two theft offenses.[1] The matter proceeded to a court trial on July 2, 1990, the appellant having waived a jury. After nine days of trial the court took the matter under advisement. The trial court journalized an entry, dated November 3, 1990, in which it found the appellant guilty of three of the

---

1. Appellant stipulated his prior convictions during the proceedings below.

four counts. Appellant was sentenced to a term of two years' definite incarceration on each count. The sentences were ordered to be served consecutively. The court further ordered restitution and assessed court costs.

In the first of his three assignments of error, appellant maintains the trial court erred by permitting a witness, called by the state as a building-contractor expert, to render an opinion as to appellant's intent in entering into the remodeling contracts. We find the assignment to be without merit.

■ During its case-in-chief, the state called Roger Davis, a contractor with thirty-three years' experience. Davis testified that he had constructed approximately five hundred homes and that he had remodeled approximately five thousand homes since 1973. Davis told the trial judge that he had reviewed the contracts between the appellant and the alleged victims, including the schedules of payment. Davis had also personally inspected each work site.

Davis explained to the court that there are certain occasions when a contractor will underbid a project. The first is when a contractor seeking future business from a customer underbids a project so that the contractor can demonstrate the quality of his work. A second instance is when the contractor underbids and then recovers the true cost of the work by suggesting additional projects that are not called for in the original plan. In the third instance, a contractor underbids to receive payments under the contract early in the project with the intent not to complete the job: the practice of front-loading.

Davis testified that in his opinion the Sferra remodeling project was underbid by $17,000. Further, one fifth of the contract price was paid upon the execution of the agreement while a ten-percent payment would have been more appropriate. Davis opined that the Zierolf contract was similarly underbid by $2,900. As to the Smith remodeling job, David testified that the contract price was paid by the owners prior to any work being done. Furthermore, Davis stated that, contrary to accepted practice, appellant did not obtain building permits for the Zierolf and Smith jobs. Davis rendered an opinion as to each of the three projects that appellant front-loaded the contracts and intentionally underbid each project with the intent not to complete the work.

■ Expert opinion testimony is admissible on an ultimate issue without infringing upon the function of the trier of fact. Evid.R. 704. Further, an expert witness may give testimony upon an ultimate issue when determination of that ultimate issue requires the application of expert knowledge not within

the common knowledge of the trier of fact. Evid.R. 702; *In re Estate of Seelig* (1981), 2 Ohio App.3d 223, 2 OBR 243, 441 N.E.2d 598. Davis gave testimony as to the three rationales for underbidding a construction contract. Davis employed his special knowledge of the construction industry to form an opinion that the appellant was front-loading. As this specialized knowledge is not within the ken of non-builders, the court properly permitted Davis's testimony. Accordingly, we overrule the appellant's first assignment of error.

In his second assignment of error appellant asserts that the trial court erred by striking his motion to suppress Davis's testimony. The assignment is without merit.

According to the record, at least three of the victims, in response to a request from the prosecutor, had delayed completing their remodeling projects with other contractors until after Davis had inspected the job sites.

Appellant maintained that he did not learn that Davis had made the inspections until the subject was broached during appellant's cross-examination of homeowner Bruce Smith on July 2, 1990. Appellant contends that Davis's testimony should have been suppressed because Davis inspected the property without appellant's knowledge. Appellant was thus precluded from having his own expert examine the subject properties before remedial construction was performed.

Crim.R. 12(B) mandates that motions to suppress must be raised before trial. Crim.R. 12(C) provides:

"Motion date. All pretrial motions except as provided in Rule 7(E) and Rule 16(F) shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions."

The appellant's motion to suppress was filed on July 5, 1990, three days after trial commenced. Appellant argues that since he did not learn of Davis's inspections until trial, the trial court should have extended the time for filing. This argument fails because the record discloses that on April 16, 1990, appellant was served with the state's response to appellant's discovery demand. The response included Davis's report to the assistant prosecuting attorney in charge of presenting the state's case against the appellant. In that report, Davis stated: "Upon your request to examine the listed properties, plans, & Specs. and method in amounts of payments I respectively submit my findings; * * *." Appellant was, accordingly, on notice of Davis's inspection some two and one-half months prior to trial.

■ In *Akron v. Milewski* (1985), 21 Ohio App.3d 140, 142, 21 OBR 149, 151, 487 N.E.2d 582, 585, the court observed that the granting of an untimely filed motion to suppress is a matter within the trial court's discretion. The Ohio Supreme Court has stated that an abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 149. For the reasons stated above, we cannot say that the trial court abused its discretion in striking the appellant's motion to suppress as untimely. The second assignment is overruled.

■ In his third assignment of error the appellant urges that the trial court erred by denying his motion to view the work sites that were the subject of the indictment. We are unpersuaded.

In *Calloway v. Maxwell* (1965), 2 Ohio St.2d 128, 128, 31 O.O.2d 196, 196, 206 N.E.2d 912, 912, the court stated that: "[t]he determination as to whether the jury should view the premises where the crime occurred lies within the sound discretion of the trial court. [Citations omitted.]" Upon our review of the record, we find no abuse of discretion by the trial court. The repairs to the projects in question had been completed at the time of trial. For this reason, a view of those properties by the trial judge would have served little purpose in apprising him about the state of the remodeling repairs at the time appellant abandoned those projects. Furthermore, there is timely photographic evidence in the record that depicts those properties at the time the appellant abandoned them. Accordingly, we overrule the appellant's third assignment of error and affirm the judgment of the court of common pleas.

*Judgment affirmed.*

Shannon, P.J., Hildebrandt and Utz, JJ., concur.