Defendant-appellant, Jaycee Davis, appeals his conviction for possession of marijuana[1] in violation of R.C.2925.11(A) and failure to display license plates in violation of R.C. 4503.21.
On April 15, 1997, appellant was stopped on Interstate 75 by a Butler County deputy sheriff for failing to display an up-to-date registration validation sticker on his motor vehicle and for failing to display a front license plate. A search of the vehicle was conducted. The details of this search are not set forth in the record, except for the fact that the police officer found a quantity of approximately eight thousand five hundred to nine thousand grams of marijuana inside the vehicle.
Appellant filed a motion to suppress which the trial court denied as being untimely filed. As a result, appellant pled no contest under a plea bargain agreement. He was sentenced to two years of incarceration on the marijuana charge. Appellant was also fined $5,000 and his license was suspended. This appeal follows.
In his sole assignment of error, appellant argues that the trial court abused its discretion when it denied his motion to suppress without holding a hearing, thus denying him his due process rights under the United States Constitution. While appellant admits his motion was untimely, he contends that given the circumstances, his motion should not have been denied without a hearing. We do not agree.
Crim.R. 12(C) provides that "[a]ll pretrial motions * * * shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions." Appellant's motion to suppress was filed eighty-six days after arraignment and more than seven days before trial.
It is well-established that the decision to grant an extension of time to file pretrial motions is within the discretion of the trial court. State v. Karns (1992), 80 Ohio App.3d 199, 204. The standard of review for the trial court's ruling is abuse of discretion and is quite high. To constitute an abuse of discretion, the decision of the trial court must have been "unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157. Such a standard requires extraordinary deference to the trial court. In applying this standard to the trial court's ruling, an outline of the extensive procedural history of this case is helpful.
Appellant, being charged with a felony, was afforded a preliminary hearing in the Butler County Area II Court on April 30, 1997. He was bound over to the grand jury and an indictment was returned against him on June 18, 1997. At his arraignment on June 24, 1997, appellant entered a not guilty plea to the indictment. A pretrial hearing was scheduled for July 1, 1997. At appellant's request, the pretrial was rescheduled to July 14, 1997. The pretrial was rescheduled, again at appellant's request, to July 28, 1997. Following the pretrial, the case was set for trial on August 28, 1997. At appellant's request filed on August 11, 1997, the trial was rescheduled to September 25, 1997. On September 2, 1997, appellant filed a discovery motion which the state answered two days later on September 4, 1997.
By motion filed on September 18, 1997, appellant again sought a continuance of the September 25, 1997 trial date. Also on September 18, appellant filed a motion to suppress together with a memorandum in support. On September 23, 1997, the trial court ordered a hearing on the motion to continue the trial date until September 29, 1997. By entry dated September 26, 1997, the trial date was rescheduled to October 28, 1997. The state filed an answer memorandum in opposition to appellant's motion to suppress on September 24, 1997, and appellant filed a reply memorandum on October 7, 1997. The court's judgment denying the motion to suppress was filed October 13, 1997.
From the arraignment on June 24, 1997 until the motion to suppress was filed on September 18, 1997, eighty-six days elapsed, fifty-one days beyond the "thirty-five days after arraignment" provided for in Crim.R. 12(C). Appellant was afforded a preliminary hearing and fairly comprehensive discovery, all timely and, presumably, informative as to the facts of the case. Appellant was granted continuances of pretrial and trial dates wice, suggesting the trial court was attempting to accommodate trial counsel's busy schedule.
The trial court, in ruling appellant's motion to suppress to be untimely and thereby denying it, said, "[i]t appears to the Court that the Defendant had ample information and opportunity to file a timely Motion to Suppress but failed to do so. It also appears that the Motion to Suppress itself contains insufficient factual allegations to cause this court to find that the `interests of justice' require a hearing on its merits."
In State v. Wade (1978), 53 Ohio St.2d 182, at paragraph three of the syllabus, death penalty vacated (1978), 438 U.S. 911,98 S.Ct. 3138, the supreme court ruled "[t]he failure [of a criminal defendant] to move within the time specified by Crim.R. 12(C) for the suppression of evidence on the basis of its illegal obtainment constitutes a waiver of error. (Crim.R. 12[G])" While the trial court for good cause shown may grant relief from the waiver, the exercise of its discretion to do so is measured against the abuse of discretion standard. Appellant must offer a convincing reason to warrant relief and has failed to do so. See, also, State v. Phillips (1995), 74 Ohio St.3d 72, 97.
In this case, we do not have a situation where appellant or his counsel did not have knowledge of everything about the claimed illegal seizure in ample time to file a timely pretrial motion to suppress. Constitutional rights may be lost as finally as any others by a failure to assert them at the proper time. State v. Davis (1964), 1 Ohio St.2d 28.
The trial court did not abuse its discretion. The assignment of error is overruled. Judgment affirmed.
YOUNG, P.J., concurs.
KOEHLER, J., dissents.
[1] R.C. 2925.11(A) states: "[n]o person shall knowingly obtain, possess, or use a controlled substance." If the drug involved is more than five thousand grams but less than twenty thousand grams of marijuana, the offense is a felony of the third degree and there is a presumption that a prison term will be imposed. See R.C. 2925.11(C)(3)(e).