JOURNAL ENTRY AND OPINION
Defendant-appellant Charles Randazzo appeals from the trial court'sdenial of his motion for leave to file a motion to suppress. Defendant argues that exigent circumstances existed to permit him to file the motion out of rule. We find no error and affirm.
On October 1, 1998, at around 1:30 am, defendant was stopped by Solon Police on Liberty Road in Solon, Ohio for allegedly driving left of center. Defendant was subsequently arrested for violating Solon Ord. S434.01(A)(1), (operating a motor vehicle while under the influence of alcohol); S434.01(A)(3), (operating a motor vehicle with a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath); and S432.01 (driving left of center).
Defendant was represented by retained counsel from the time he was arraigned on October 6, 1998. He entered a not guilty plea. On December 3, 1998, his attorney requested discovery from the prosecutor. Several pretrial conferences were subsequently held. No suppression motions were ever filed by his original attorney on behalf of defendant.
On February 1, 1999, his attorney made a jury demand and a jury trial was set for March 24, 1999. However, on March 22, 1999, the defendant withdrew his not guilty plea and the matter was set for a change of plea hearing on April 30, 1999. On March 24, 1999, his original attorney filed a motion for leave to withdraw because defendant had hired new counsel. On this same date, his new attorney filed a notice of appearance and his original counsel's motion to withdraw was granted.
On April 7, 1999, the defendant received notice to appear in court for a change of plea on May 28, 1999. However, on May 12, 1999, the defendant's new counsel filed a motion to return the case to the pretrial docket as counsel wished to discuss issues with the prosecutor regarding the circumstances surrounding the stop of the defendant. The trial court thereafter granted the motion to return the case to the pretrial docket and set a pretrial for June 1, 1999. The pretrial was continued until July 13, 1999.
On July 22, 1999, defendant's new counsel filed a motion for leave to file his motion to suppress citing as the reason that he was newly retained counsel. The trial court denied the motion for leave on August 24, 1999 holding:
 This matter came on for hearing on July 23, 1999, upon defendant's motion for leave to file a motion to suppress. The Court finds said Motion not well taken and the same is hereby denied.
Matter to be set for trial.
Defendant subsequently entered a plea of no contest to all charges. He was fined $1,000 plus costs and sentenced to 120 days with 90 days suspended. This sentence was stayed pending appeal.
Defendant now timely appeals assigning one assignment of error.
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING DUE PROCESS OF LAW WHEN THE COURT DENIED DEFENDANT-APPELLANT LEAVE TO FILE A MOTION TO SUPPRESS.
Defendant argues that the trial abused its discretion in denying his motion for leave to file a motion to suppress. He argues the trial court erred in not granting the leave because he was newly retained; that the trial court was aware when it granted his motion to return the case to the pretrial docket that it was for purposes of discussing suppression issues; and finally, that no prejudice to the state would result by granting the leave.
A motion to suppress must be filed with the trial court within the earlier of thirty-five days following arraignment or seven days before trial, although the court may extend the period for filing if necessary in the interest of justice. Crim.R. 12(C).
A trial court's decision denying leave to file an untimely motion to suppress will not be disturbed on appeal absent an abuse of the trial court's discretion. State v. Karns (1992), 80 Ohio App.3d 199,204. An abuse of discretion connotes action by the trial court that is unreasonable, arbitrary, or unconscionable. State v. Brown (1988),38 Ohio St.3d 305, 312.
In this case, defendant argues that the fact that he changed counsel before trial demonstrates cause for untimely filing of the motion to suppress. The defendant, however, was represented by counselfrom the inception of the charges against him. His original attorney, in fact, had several pretrials and requested discovery from the prosecutor. Defendant had full knowledge of the circumstances and surrounding facts pertaining to his case within the time requirements of Crim.R. 12(C). See, State v. Overholt (Aug. 18, 1999), Medina App. No. C.A. No. 2905-M, unreported (defendant's retaining new counsel did not alter fact that he had knowledge of circumstances within the time requirements of Crim.R. 12(C)).
Defendant's reliance upon State v. Sargent (Aug. 17, 1994), Clark App. No. 3042, unreported is misplaced. In Sargent, the defendant did not become apprised of the facts to form the basis of a motion to suppress until the time requirements of Crim.R. 12(C) had expired. The court found in that case that in the interest of justice the time requirement should have been extended. In the case herein, defendant was fully aware of the circumstances surrounding his charges within thirty-five days of his arraignment. Therefore, the trial court was not faced with the situation in Sargent in which the interest of justice would require an extension of time.
The fact that the trial court was aware the defendant had suppression issues when it granted defendant's request to return the case to the pretrial docket also does not warrant reversal of the trial court's decision. The trial court at that time was not aware of what the exact issues were until the leave was filed. The trial court could have reasonably concluded that the information upon which the motion to suppress was based was available to defendant within the time frame of Crim.R. 12(C). Defendant's failure to communicate that information to his newly retained counsel does not operate to create a condition which, in the interest of justice requires the trial court to extend the time. State v. Foster (April 4, 1997), Clark App. No. 96 CA 0072, unreported. It was within the trial court's discretion whether justice required the leave be granted.
Although perhaps the State would have suffered no prejudice by the court's permitting the untimely motion, we do not find this as a reason for interfering with the court's broad discretion in this matter.
Defendant's sole assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Bedford Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
KARPINSKI, P.J., CONCURS AND CONCURS WITH JUDGE KILBANE'S SEPARATE CONCURRING OPINION.
ANNE L. KILBANE, J., CONCURS WITH SEPARATE CONCURRING OPINION. (SEE CONCURRING OPINION ATTACHED)
 __________________________ JAMES M. PORTER, JUDGE