OPINION
Defendant-appellant Josie Snyder appeals her conviction and sentence entered by the Fairfield County Municipal Court on one count of operating a motor vehicle with a prohibited breath alcohol concentration, in violation of R.C. 4511.19(A)(3), following appellant's entering a no content plea and the trial court's finding her guilty of the charge. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On May 28, 1999, appellant was arrested for OMVI, in violation of R.C.4511.19(A)(1) and (A)(3); driving under suspension, in violation of R.C.4507.02(D)(1); and driving left of center, in violation of R.C. 4511.25. The R.C. 4511.19(A)(3) charge was appellant's third offense in six years. Appellant entered pleas of not guilty to the charges at her arraignment on June 2, 1999. Appellant filed a time waiver. The trial court scheduled the case for trial on September 22, 1999, but continued the matter until November 12, 1999, due to the arresting officer's unavailability.
As a result of appellant's failure to appear for trial on November 12, 1999, the trial court issued a Bench Warrant for her arrest. Appellant was subsequently arrested on August 31, 2000. The trial court permitted Attorney Trevor Innocenti to withdraw from his representation of appellant via Entry filed September 15, 2000. Attorney Scott Wood filed Defendant's Notice of Appearance of Counsel on September 18, 2000. Appellant filed a jury demand. The trial court scheduled the matter for October 10, 2000.
On October 5, 2000, appellant filed a motion for leave to file pretrial motions out of time. Appellant also filed a motion to suppress, moving the trial court for an order suppressing "[a]ny and all oral and written statements obtained by law enforcement from [appellant]." (October 5, 2000 Motion to Suppress. Appellant alleged the arresting officer did not have reasonable and articulable suspicion to stop and seize her; did not have probable cause to arrest her; failed to advise her of her Miranda Rights; and failed to comply with the Ohio Department of Health Regulations in his administration of the breath alcohol test.
On October 10, 2000, appellant appeared before the trial court. Attorney Wood inquired about the status of the motion for leave. The trial court overruled the motion on the record. Attorney Wood proffered for the record the fact appellant "had dentures in at the time that she blew into the machine, uh, which may create a problem with the compliance of the Department of Health Regulations regarding breath testing." Tr. at 2. Thereafter, appellant entered a plea of no contest to the (A)(3) charge. The State dismissed the remaining charges. The trial court accepted the plea and entered a finding of guilty. The trial court sentenced appellant to 365 days in jail, but suspended 300 of the days conditioned on two years good behavior, imposed a fine of $400, plus court costs, and suspended appellant's driving privileges for three years. The trial court memorialized the conviction and sentence via Journal Entry — Sentence of Court filed October 10, 2000.
It is from this conviction and sentence appellant appeals, raising the following assignments of error:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT IN FAILING TO GRANT DEFENDANT'S MOTION FOR LEAVE TO FILE PRETRIAL MOTIONS OUT OF RULE WHEN DEFENDANT ESTABLISHED GOOD CAUSE.
 II. DEFENDANT WAS DENIED HER CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
 I
In her first assignment of error, appellant maintains the trial court erred in failing to grant her leave to file pretrial motions out of rule.
Crim R. 12(C) provides:
 All pretrial motions except as provided in Rule 7(E) and Rule 16(F) shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions.
A trial court's decision denying leave to file an untimely motion to suppress will not be disturbed on appeal absent an abuse of the trial court's discretion. State v. Karns (1992), 80 Ohio App.3d 199, 204. An abuse of discretion connotes action by the trial court that is unreasonable, arbitrary, or unconscionable. See State v. Brown (1988),38 Ohio St.3d 305, 312, certiorari denied, 489 U.S. 1040, 1040,109 S.Ct. 1177, 103 L.Ed.2d 239, 239.
In the instant action, appellant argues her "motion to suppress was not filed within rule due to the inaction of [her] first trial counsel." (Brief of Appellant at 5). Appellant adds because she waived her right to a speedy trial, "there was no time problem" and a hearing on her motion to suppress would not have resulted in an extended delay. Id.
As set forth supra, appellant failed to appear on the original trial date of November 12, 1999, compelling the trial court to issue a bench warrant. Appellant was ultimately arrested and brought before the court on August 31, 2000.[1] Given the fact appellant was responsible for the more than nine month delay in the prosecution of this case, we find the trial court did not abuse its discretion in denying appellant's leave to file an untimely motion to suppress.
Appellant's first assignment of error is overruled.
 II
In her second assignment of error, appellant raises a claim of ineffective assistance of counsel.
The standard of review of an ineffective assistance of counsel claim is well-established. Pursuant to Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 673, in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. State v. Bradley (1989), 42 Ohio St.3d 136 . In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id. In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.
Appellant asserts Attorney Innocenti was ineffective for failing to timely file a motion to suppress, challenging the admissibility of the breath test results. Specifically, appellant submits the fact she was wearing dentures when she blew into the BAC Datamaster machine created a problem with the State's compliance with the Health Department regulations.
In State v. Withers (May 27, 1999), Licking App. No. 98CA116, unreported, this Court determined the trial court properly overruled appellant's motion to suppress his breath test results, finding the appellant's removal and replacement of dentures into his mouth during the twenty minute observation period did not establish the State failed to comply with the Department of Health regulations.
On this record, we see no reasonable likelihood a motion to suppress the breath test results would have succeeded given our decision inWithers. Hence, defense counsel's failure to file such a motion does not constitute ineffective assistance of counsel. State v. Henry (July 9, 1999), Montgomery App. No. 17261, unreported. Accordingly, appellant cannot satisfy the first prong of the Strickland test.
Appellant's second assignment of error is overruled.
The judgment of the Fairfield County Municipal Court is affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Court of Common Pleas is affirmed. Costs assessed to appellant.
Hoffman, J., Gwin, P.J. and Farmer, J. concur.
[1] Appellant claims she was unaware of the November 12, 1999 trial date.