OPINION
{¶ 1} Defendant-appellant, Istvan Koczka, appeals from a judgment of the Franklin County Municipal Court, finding appellant guilty of one count of driving while under the influence in violation of R.C.4511.19(A)(1), and sentencing him accordingly. Because the trial court erred in ruling that appellant's motion to suppress was not timely filed, we reverse that judgment and remand the case for further proceedings.
 {¶ 2} On December 22, 2001, appellant was charged with one count of speeding in violation of R.C. 4511.21(D)(2), one count of driving while under the influence in violation of R.C. 4511.19(A)(1), and one count of failure to wear a seat belt in violation of R.C. 4513.263. Subsequently, appellant failed to appear for his arraignment and the court issued a warrant for his arrest. On January 3, 2002, appellant was brought before the court and arraigned. Appellant pled not guilty to the charges and asserted his right to a speedy trial. A pre-trial was then scheduled for January 30, 2002, before Judge Hayes, but appellant failed to appear for that pre-trial and the court issued another warrant for appellant's arrest.
 {¶ 3} Four months later, appellant was again brought before the court. In an entry dated April 22, 2002, Judge Jenkins referred appellant back to Judge Hayes. In a second entry filed that same day, the trial court accepted appellant's not guilty plea to the charges and his assertion of his right to a speedy trial. There is no transcript of the April 22nd proceeding.
 {¶ 4} On May 15, 2002, appellant's counsel filed a motion to suppress any statements made by appellant, observations and opinions of the arresting police officers, and any evidence seized as a result of coordination and alcohol level tests performed on appellant. The trial court overruled appellant's motion to suppress, finding that the motion was not filed within 35 days of appellant's January 3, 2002 arraignment as required by Crim.R. 12(D). Appellant subsequently pled guilty to the one count of driving while under the influence and was sentenced accordingly.
 {¶ 5} Appellant now appeals, assigning the following errors:
 {¶ 6} "1. The trial court erred when it determined that the Defendant's motion to suppress had not been filed within thirty-five days of arraignment.
 {¶ 7} "2. The trial court erred when it dismissed the Defendant's motion to suppress on the grounds that it was filed beyond thirty-five days after the Defendant's arraignment without making any determination as to whether the failure to act on time was the result of excusable neglect or would result in an injustice to the Defendant as required by law.
 {¶ 8} "3. The Defendant was denied his constitutional right to effective assistance of counsel if his motion to suppress was not timely filed."
 {¶ 9} Appellant contends in his first assignment of error that the trial court erred in overruling his motion to suppress as untimely. Pursuant to Crim.R. 12(D), motions to suppress must be filed within 35 days of a defendant's arraignment or seven days before trial, whichever is earlier. The failure of a criminal defendant to move for the suppression of illegally obtained evidence within that time frame constitutes a waiver of any error in obtaining that evidence. State v. Wade (1978), 53 Ohio St.2d 182, at paragraph three of the syllabus, death penalty vacated (1978), 438 U.S. 911. A trial court's decision to deny an untimely filed motion to suppress will not be disturbed absent an abuse of discretion. State v. Karns (1992), 80 Ohio App.3d 199, 202. An abuse of discretion connotes an action by the trial court that is unreasonable, arbitrary, or unconscionable. State v. Brown (1988),38 Ohio St.3d 305, 312.
 {¶ 10} It is uncontested that appellant was initially arraigned on January 3, 2002. Accordingly, pursuant to Crim.R. 12(D), appellant had until February 7, 2002, to file a motion to suppress. Appellant filed his motion to suppress on May 15, 2002, more than 35 days after his January 3, 2002 arraignment. However, appellant claims that he was re-arraigned when he was brought before the court on April 22, 2002. Therefore, the Crim.R. 12(D) clock restarted and his motion to suppress was timely filed within 35 days of the second arraignment. The state contends that appellant was not re-arraigned on April 22, 2002. Rather, the state argues that appellant simply re-asserted his right to a speedy trial. Therefore, appellant's motion to suppress was untimely. The key question presented is whether appellant was re-arraigned on April 22, 2002.
 {¶ 11} The trial court determined that appellant was not re-arraigned on April 22, 2002. We disagree, based upon the language contained in the trial court's two April 22, 2002 entries. The first entry indicates that a warrant was executed, a bond was set at $2,000, and Judge Jenkins referred appellant's case to Judge Hayes for further proceedings. There is also a box in the first entry where the court could have indicated whether appellant had reasserted his right to a speedy trial. This box was not checked. If Judge Jenkins had intended only to transfer this case to Judge Hayes and to reflect any assertion by appellant of his speedy trial rights, there would be no need for a second entry. But the record contains a second entry also dated April 22, 2002.
 {¶ 12} The second entry is the same entry form that appellant signed at his January 3, 2002 arraignment. The second entry indicates appellant again entered a not guilty plea and requested a trial within the time provided by law, just like he did in the January 3, 2002 entry. Judge Jenkins signed the second entry, indicating that he accepted appellant's request for arraignment and entered a not guilty plea on appellant's behalf.
 {¶ 13} There is no transcript of the April 22, 2002 proceeding. Therefore, we cannot determine what was said during that proceeding. However, it is axiomatic that the court speaks through its journal entries. State v. Mann (Dec. 24, 1998), Franklin App. No. 98AP-392. The language of the second entry indicates that appellant was re-arraigned. The second entry also indicates that the requirements of an arraignment were met: appellant received a copy of the indictment; appellant waived the reading of the complaint because he understood the nature of the charges; and appellant entered a plea to those charges. Crim.R. 10(A). Although the state asserts that the second entry shows that appellant simply reasserted his right to a speedy trial, that entry indicates that the court accepted appellant's request for arraignment.
 {¶ 14} In addition, a trial court should "indulge every reasonable presumption against the waiver of fundamental constitutional rights." State v. Davis (Sept. 28, 1998), Butler App. No. CA97-12-240 (Koehler, J., dissenting), quoting Johnson v. Zerbst (1938), 304 U.S. 458,464. Faced with an entry indicating that a request for arraignment was accepted, and no transcript of what was said during the April 22, 2002 proceeding, we presume against the wavier of fundamental constitutional rights. Therefore, we conclude that the April 22, 2002 proceeding was a re-arraignment. Because we find that appellant was re-arraigned on April 22, 2002, appellant had 35 days, until May 27, 2002, to file his motion to suppress. Crim.R. 12(D). Appellant's motion to suppress was filed May 15, 2002, within that 35-day period. Therefore, the trial court abused its discretion in overruling appellant's motion to suppress as untimely.
 {¶ 15} Accordingly, appellant's first assignment of error is sustained, and we remand this matter to the Franklin County Municipal Court for further proceedings consistent with this opinion. Our disposition of appellant's first assignment of error renders moot appellant's second and third assignments of error. App.R. 12.
Judgment reversed and remanded.
PETREE, P.J., and BROWN, J., concur.