[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} The appellant advances on appeal a single assignment of error in which he challenges the denial of his motion for leave to file an untimely motion to suppress two pagers seized during a warrantless search of his bedroom.[1] We conclude that the trial court erred in denying leave. But we overrule the assignment of error because the ruling was harmless. See Crim.R. 52(A).
 {¶ 3} The record shows that the appellant did not file his motion to suppress within the time prescribed by Crim.R. 12(C) because the state had failed to timely furnish to the defense discovery of e-mails sent to the pagers and had thereby effectively concealed the incriminating nature of the appellant's possession of the pagers. The appellant thus sustained his burden of proving that the "interest of justice" compelled an extension of the time for filing the motion to suppress. See Crim.R. 12(C); see, also, State v. Murphy (Feb. 10, 1982), 1st Dist. Nos. C-810203 and C-810270, fn. 1 (noting that "[t]he most obvious instance of `good cause' [for extending the time prescribed for filing a motion to suppress] would be a delay in or failure by the State to furnish discovery information to the defendant before trial, which failure or delay masked the asserted grounds for suppression"); State v. Sargent
(Aug. 17, 1994), 2nd Dist. No. 3042 (holding that the trial court abused its discretion in denying an untimely motion to suppress, because defendant could not "responsibly" have filed the motion until the state had responded to defendant's discovery request). Therefore, the trial court abused its discretion when it denied the appellant leave to file a motion to suppress the pagers. See State v. Karns (1992),80 Ohio App.3d 199, 204, 608 N.E.2d 1145 (holding that the decision to deny leave to file an untimely motion to suppress is committed to the sound discretion of the trial court).
 {¶ 4} But the record also shows that the court's error was harmless. The state presented at trial the testimony of an F.B.I. agent who stated that he had seized the pagers from the bedside table in the appellant's bedroom while executing an arrest warrant at the appellant's apartment upon information that the appellant was then present. Thus, the agent did not violate the Fourth Amendment in arriving at the place from which the pagers were plainly visible, when the arrest warrant implicitly authorized the agent to enter the appellant's apartment and bedroom. SeePayton v. New York (1980), 445 U.S. 573, 602, 100 S.Ct. 1371, 1388.
 {¶ 5} Moreover, the agent knew when he seized the pagers that the arrest warrant was predicated upon information that the appellant had been involved with several other individuals in an interstate conspiracy to cash counterfeit checks. This knowledge provided the agent with probable cause to believe that the pagers would yield evidence of the alleged criminal conspiracy. Thus, the incriminating character of the pagers must be said to have been immediately apparent to the agent. SeeTexas v. Brown (1983), 460 U.S. 730, 738, 103 S.Ct. 1535, 1541; State v.Halczyszak (1986), 25 Ohio St.3d 301, 496 N.E.2d 925, paragraph three of the syllabus.
 {¶ 6} Under these circumstances, the plain-view doctrine authorized the F.B.I. agent to effect a warrantless seizure of the pagers. See Horton v. California (1990), 496 U.S. 128, 136-137,110 S.Ct. 2301, 2307-2308; State v. Waddy (1992), 63 Ohio St.3d 424, 442,588 N.E.2d 819, superseded on other grounds in State v. Smith (1997),80 Ohio St.3d 89, 684 N.E.2d 668. The appellant's motion to suppress would, therefore, have failed on its merits. It follows, then, that the appellant cannot be said to have been prejudiced by the trial court's error in denying him leave to file a motion to suppress.
 {¶ 7} Accordingly, we affirm the judgment of the court below.
 {¶ 8} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Hildebrandt and Winkler, JJ.
[1] By entry dated April 16, 2003, we granted the appellant's App.R. 26(B) application to reopen this appeal to permit him to present this assignment of error.