McKAY MACHINE CO., APPELLANT, *v.* RODMAN, APPELLEE.

78

*Messrs. Evans, Gentithes & Meermans, Messrs. Mills, Mills, Fiely & Lucas* and *Mr. Virgil F. Mills,* for appellant.

*Messrs. Blumenstiel, Williams & Blumenstiel* and *Mr. J. B. Blumenstiel,* for appellee.

MATTHIAS, J.  The issue presented by this appeal concerns the admissibility of certain expert opinion testimony.  At the trial, the evidence showed that defendant ordered from plaintiff a resistance, multiple, spot welder.  The order was accepted and filled by plaintiff.  Defendant, however, refused to pay the balance due, alleging that the welder did not perform in accordance with the following proviso which he typed upon the purchase order:

"Note: The above machine is to produce a satisfactory and approved weld on either 14 ga. and/or 18 ga. tub with a 19 ga. laminate."

The meaning of this proviso and the fact of whether the welder performed in accordance therewith are the crux of this cause.  At the trial, the court allowed plaintiff to introduce the testimony of welding experts as to the meaning of these words and as to the quality of the welds that the welder produced. (See statement of facts, *supra.*)  The defendant contends that this was error and the Court of Appeals so held.

At the outset, it must be noted that the precise meaning of the defendant's proviso is not particularly clear.  At the very best it means one thing to defendant and another to plaintiff. In such cases, the rule is well established that where there is doubt or ambiguity in the language of a contract it will be construed strictly against the party who prepared it.  *Smith, Admr.,* v. *Eliza Jennings Home,* 176 Ohio St. 351.  In other words, he who speaks must speak plainly or the other party may explain to his own advantage.

In this instance, the proviso seeks to set a standard of performance for a welding machine, a subject that a layman is not usually versed in.  The court, therefore, allowed a welding expert to give opinion testimony both as to the meaning of the proviso as it would be construed by one versed in the art of welding and as to the actual performance of the machine.  In justification thereof the court stated in its charge:

"* * * in cases such as this, involving the art and science of

welding, opinion testimony was given as it had to be, because the subject of welding is, as to other such matters as medicine, are subjects with which the general public are not familiar, and in such event witnesses who have had training and knowledge and experience in the matter of welding were permitted to give opinions as to the quality of the welds that this machine did produce.''

No one can validly contend that an expert in a particular field that is beyond the experience, knowledge or comprehension of a layman should be silenced where such knowledge is vital to a proper determination of litigation. Rather, this court has continuously held that in all proceedings involving matters of a scientific, mechanical, professional, or other like nature, requiring special study, experience or observation not within the knowledge of laymen in general, expert opinion testimony is admissible to aid the court or the jury in arriving at a correct determination of the litigated issue. To now hold that the field of welding does not fall within the above order would be absurd.

Expert testimony as to the meaning of the proviso in question is indispensable, for the layman is certainly not familiar with the technical requirements of a ''satisfactory and approved weld.'' Further, once this concept is recognized and the need for expert opinion established, there is no sound reason for holding, as did the Court of Appeals, that such testimony cannot be admitted into evidence merely because it permits the witness to answer the ultimate question for the jury. In 1949 this court held that:

''Where an ultimate fact to be determined by the jury is one depending upon the interpretation of certain * * * facts which are beyond the experience, knowledge or comprehension of the jury, a witness qualified to speak as to the subject matter involved may express an opinion as to the probability or actuality of a fact pertinent to an issue in the case, and the admission of such opinion in evidence does not constitute an invasion or usurpation of the province or function of the jury, even though such opinion is on the ultimate fact which the jury must determine.'' Paragraph two of the syllabus in *Shepherd* v. *Midland Mutual Life Ins. Co.*, 152 Ohio St. 6.

Thus, this court recognizes that expert testimony, where

admissible as outlined above, may be addressed to the ultimate issue. Nor does this "usurp the function of the jury" as defendant contends. This argument is totally without merit. It overlooks the fact that in the last analysis, the jury or the court, if a jury is waived, is the sole weigher of credibility and testimony. The jury can accept all, a part or none of the testimony offered by a witness whether it is expert opinion or eyewitness fact, whether it is merely evidential or tends to prove the ultimate fact. In other words, "[t]he jury is the sole judge of the weight of the evidence and the credibility of witnesses. It may believe or disbelieve any witness or accept part of what a witness says and reject the rest. [In so doing it] * * * should consider the demeanor of the witness and the manner in which he testifies, his connection or relationship with the * * * [plaintiff] or the defendant, and his interest, if any, in the outcome." *State* v. *Antill*, 176 Ohio St. 61, 67.* Thus the function of the expert who gives opinion testimony in order to aid the jury in reaching a just determination is entirely separate from the function of the jury which must assess credibility and settle controverted issues of fact.

In conclusion, we hold that where a subject is such that it is not within the common knowledge of a layman, an expert in that particular field may give opinion testimony thereon, and where such testimony tends to render probable the existence or nonexistence of the ultimate fact in issue there is no usurpation of the function of the jury for that body may accept or reject that opinion testimony as it sees fit.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.

---

*We note that the court did charge the jury in this context, which charge was almost identical to the above statement.