IN RE ESTATE OF SEELIG: DETRAY ET AL., APPELLANTS, *v.* FINK ET AL., APPELLEES.

(No. L-80-375—Decided July 24, 1981.)

*Mr. James C. MacHarg,* for appellants Allen, et al.

*Mr. Lawrence H. Brenner,* for appellees.

CONNORS, P.J. This cause comes upon appeal from a jury verdict with judgment entered thereon, in the Common Pleas Court, Probate Division, of Lucas County, Ohio, finding that the instrument dated May 28, 1977, is the last will and testament of Ruth A. Seelig, deceased.

The facts of the instant case are as follows. Ruth A. Seelig died testate on March 1, 1979. A document, purporting to be her last will and testament, was filed for probate on the 14th day of March, 1979. Objections to the admission of the purported will to probate were filed by the appellants herein on the 6th day of June, 1979, claiming that the testatrix lacked sufficient capacity to execute a will and that the document was the result of fraud and undue influence. A trial by jury was had on the matter on September 24 and 25, 1980, the jury finding that the will dated May 28, 1977, and filed for probate on March 14, 1979, was the last will and testament of Ruth A. Seelig, deceased. From this decision appellants now appeal.

Appellants' first assignment of error states the following:

"The trial court erred in allowing witness Ludeman to testify to his opinion of an ultimate issue in this case."

Appellants here assign as error the fact that Judge Ludeman[1] was allowed to testify as a witness that Mrs. Seelig was capable of making a will.

At trial the following statements were made:

"Q. Based upon your experience overseeing the guardianship, your contact with her during the guardianship and your contact with her when you took the walks and talked to her, do you have an opinion concerning whether or not Ruth was of sound mind?

---

[1] Judge Willis E. Ludeman did not preside at the trial of this cause. The provisions of Evid. R. 605, effective July 1, 1980, on their face do not apply. A further discussion of Evid. R. 605 is not required in the present appeal.

"MR. POTTER: Objection.

"THE COURT: Overruled.

"JUDGE LUDEMAN: Yes, I have an opinion.

"Q. What is that?

"JUDGE LUDEMAN: I think she was of sound mind.

"Q. Do you have an opinion if she was sound and was capable of making a will?

"JUDGE LUDEMAN: Yes.

"Q. What is that?

"JUDGE LUDEMAN: That she was of sound mind and was capable of making a will."

The above statements make it clear that Judge Ludeman testified as to the ultimate issue in the case, that is, whether Mrs. Seelig was capable of making a will. However, the court finds no error in such testimony.

First of all, it should be noted that appellants objected to the first question in the series, whether or not the witness had an opinion as to whether Mrs. Seelig was of sound mind, but did not object to the question of whether the witness had an opinion as to whether Mrs. Seelig was capable of making a will. The latter question involved the ultimate issue of the case, while the first question involved merely the question of soundness of mind, a question which is permissible under Ohio law, regardless of whether such witness is an expert or non-expert. See 55 Ohio Jurisprudence 2d 816-818, Wills, Sections 437, 438. Hence, appellants here failed to object to the question pertaining to the ultimate issue, and hence failed to preserve this error for appeal.

Despite appellants' failure, this court finds no error in the allowance of such testimony. Evid. R. 704 states the following:

"Testimony in the form of an opinion or inference otherwise admissible is not objectionable solely because it embraces an ultimate issue to be decided by the trier of fact."

Furthermore, in *McKay Machine Co.*

v. *Rodman* (1967), 11 Ohio St. 2d 77 [40 O.O.2d 87], the court held that expert opinion testimony is admissible in all proceedings of a scientific, mechanical, professional, or like nature, requiring special study, experience or observation not within the common knowledge of laymen. The court also held that expert opinion testimony is admissible as to an ultimate fact without infringing upon the function of the jury, if the determination of such ultimate fact requires the application of expert knowledge not within the common knowledge of the jury. In explaining such holding, the court made the following comments:

"Thus, this court recognizes that expert testimony, where admissible as outlined above, may be addressed to the ultimate issue. Nor does this 'usurp the function of the jury' as defendant contends. This argument is totally without merit. It overlooks the fact that in the last analysis, the jury or the court, if the jury is waived, is the sole weigher of credibility and testimony. The jury can accept all, a part or none of the testimony offered by a witness whether it is expert opinion or eyewitness fact, whether it is merely evidential or tends to prove the ultimate fact. In other words, 'the jury is the sole judge of the weight of the evidence and the credibility of witnesses. It may believe or disbelieve any witness or accept part of what a witness says and reject the rest * * *.' Thus, the function of the expert who gives opinion testimony in order to aid the jury in reaching a just determination is entirely separate from the function of the jury which must assess credibility and settle controverted issues of fact." *Rodman, supra*, at 81-82.

Similarly, in *State* v. *Gaddis* (1973), 35 Ohio App. 2d 15, 18 [64 O.O.2d 143], the court recited the holding and language in *Rodman*, and stated that the record demonstrated that the witness was properly qualified and that the trial court did not err in receiving into evidence the opinion given.

Also, in the instant case, the judge instructed the jury with language similar to that used in *Rodman* to ensure that the expert witness did not usurp the function of the jury. The court stated the following:

"In this case, several persons have been permitted to express an opinion as to mental capacity of the Testator. The opinion of the witnesses is not fact, it is opinion. You must determine the value of that opinion upon considering the opportunity that the witness had to observe the Testator, his knowledge and experience in such evaluations. In addition, you will apply the usual rules for testing the credibility of witnesses and for determining the weight to be given to his testimony.

"Also, one who follows a profession or special line of work may express his opinion because of his knowledge and experience. Such testimony is admitted for whatever assistance it may provide you to help you arrive at a just verdict."

Hence, in the present matter, Judge Ludeman testified as an expert witness with respect to the mental capacity of Mrs. Seelig and her competency to make a will. Through Judge Ludeman's superior qualifications and experience in the mental health area, he was able to testify as an expert witness with respect to Mrs. Seelig's mental condition, in much the same manner as a psychiatrist would be qualified to testify concerning a patient's mental condition at trial. The observations and analysis of Judge Ludeman, due to his credentials and experience, would provide information beyond that which a common man could provide. Hence, his testimony would assist the jury in its determination of a just verdict. At the same time, the instructions given the jury would ensure that such expert testimony was limited to its proper place and did not usurp the jury's function.

Therefore, based on all of the above, this court finds no error in the admission of the testimony of the expert witness,

and appellants' first assignment of error is found not well taken.

Appellants' second assignment of error states the following:

"The trial court erred in instructing the jury as to the credibility of certain witnesses."

In particular, appellants contend that the jury instruction gave undue prominence to the testimony of Dr. Neverauskas, in effect telling the jury that they should give more weight to his testimony than to the letter of the deceased Dr. Dreyer. As support for this contention, appellants cite the following portion of the jury's instructions:

"In this particular matter, we also have had presented to you by way of testimony statements by a patient to a physician. Testimony of a physician of statements made to him by a patient in obtaining the patient's history and condition for the purpose of diagnosis or treatment may be considered only for the limited purpose of showing the information upon which the physician based his opinions and not as evidence of their own truth. Except that the patient's statement of his then existing physical or mental condition, and any statements made by him which constitute an admission of facts, avers to his doctor, may be considered by you as evidence of the truth of the matter stated."

However, this court fails to see how such instruction gives undue prominence or emphasis to the testimony of Dr. Neverauskas. Also, in 53 Ohio Jurisprudence 2d 45-46, Trial, Section 177, the author states:

"Charges to the jury should be so drawn as to avoid giving undue prominence and improper emphasis to the claims urged by either party against the other, overstating or accentuating, emphasizing or making prominent, vital points and phrases of the case which are favorable to one party and unfavorable to the other, or suggesting a mental attitude

favorable to one party and unfavorable to the other.

"Violations of these principles frequently result in reversal of the judgment below, especially where at the close of such charge the judge's attention is called to the fact, and he refuses a request of counsel to charge on the complaining party's theory of the case, although it is to be noted that a charge is construed as a whole to determine whether undue influence is given to the theory of one party."

This court does not find, considering the charge and instructions as a whole, that undue influence has been given to the theory of any one party. In addition, immediately after the above disputed instructions, the court made the following precautionary instructions:

"You may believe or disbelieve all or any part of the testimony of any witness. It is your province to determine what testimony is worthy of belief and what testimony is not worthy of belief.

"In summary, the court charges you that if there is a real or apparent conflict in the evidence, it is your duty to reconcile that conflict as far as possible. It is your duty to determine what you will accept as true and what you will reject as false * * *. You must decide this case upon the testimony which has been given by the witnesses and upon the exhibits introduced into evidence * * *."

Appellants cite in support of their contention the cases of *Morgan* v. *State* (1891), 48 Ohio St. 371, and *State* v. *Tuttle* (1903), 67 Ohio St. 440. However, the *Morgan* case involved a situation where the court summed up the evidence and applied undue prominence to certain portions of the testimony, and in the instant case the disputed portions of the testimony did not involve the summing up of evidence and were not given undue prominence, the court failing to even mention the name of Dr. Neverauskas. In the *Tuttle* case, the court merely condemned the practice of giving inflammatory instructions which classify witnesses, in particular the following instructions:

"The experience of courts warns them to scan with caution and view with suspicion, the testimony of abandoned women or the like; and if any such have testified in this cause, it is your duty to apply the above warning." *Tuttle, supra,* at 446.

The court does not find the above facts and circumstances applicable to the present case.

In light of all of the above, this court finds no prejudicial error in the court's instructions, and appellants' second assignment of error is found not well taken.

Appellants' third assignment of error states the following:

"The verdict of the jury was contrary to the manifest weight of the evidence."

Appellants assert a wide variety of alleged conflicts and inconsistencies in the evidence submitted. However, upon this court's perusal of the record, the court finds sufficient evidence to sustain the jury's verdict. Judgments supported by some competent credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. *C. E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St. 2d 279 [8 O.O.3d 261]. The court finds sufficient competent credible evidence in the record to support the jury's verdict in the instant case. Appellants' third assignment of error is thereby found not well taken.

On consideration whereof, the court finds substantial justice has been done the parties complaining, and judgment of the Common Pleas Court, Probate Division of Lucas County, Ohio, is affirmed. This cause is remanded to said court for execution of judgment and for costs. Costs assessed against plaintiffs-appellants.

*Judgment affirmed.*

Barber and Wiley, JJ., concur.

Wiley, J., retired, of the Sixth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.