DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Jackson County Court of Common Pleas, which granted summary judgment in favor of Plaintiffs-Appellees Frontier Community Services, Inc., and Jackson First Church of the Nazarene, and against Defendants-Appellants Knoll Group Partners, Jackson Family Apartments, L.P., and Jackson Retirement Village, L.P. The trial court granted summary judgment on appellees' claim seeking a declaratory judgment regarding the interpretation of a restrictive covenant contained in a deed from Knoll Group Partners to Jackson First Church of the Nazarene. The trial court found that the restrictive covenant contained in the deed did not prohibit the construction of a low-income housing project by appellees.
Appellants argue that the judgment of the trial court was erroneous. We disagree and affirm the judgment of the trial court.
I. The Real Estate Transaction
In March 1997, Plaintiff-Appellee Jackson First Church of the Nazarene (the Church) contracted to purchase 5.33 acres of real property from Defendant-Appellant Knoll Group Partners. The purchase agreement provided that the Church could not build a "Farmer's Home Project" on the property. The property purchased by the Church was adjacent to two low-income housing projects operated by appellant and developed through a housing program managed by Farmer's Home Administration (FHA), a part of the United States Department of Agriculture (USDA).
The transaction proceeded to closing and the deed, which was prepared by appellant, contained the following restrictive covenant:
 Grantee, for itself, its successors, and assigns, agrees not to construct a Farmers Home Administration (U.S. Department of Agriculture) type of housing project on the above described property.
Sometime subsequent to the completion of the transaction, the Church and Plaintiff-Appellee Frontier Community Services, Inc. (Frontier) proposed contracting for the construction of a "Section 42" housing project ("Section 42" refers to Section 42 of the Internal Revenue Code). A "Section 42" housing project uses tax incentives to lower construction costs and thereby lower the rents of future tenants.
Appellant objected to the proposed building project.
II. The Trial Court Proceedings
Frontier and the Church brought an action for declaratory judgment in the Jackson County Court of Common Pleas, seeking the interpretation of the deed restriction. Appellant was named the defendant in that declaratory judgment action.
Appellant filed its answer to the Church and Frontier's complaint. Subsequent to that answer, per motion of the Church and Frontier, Defendants-Appellants Jackson Family Apartments, L.P., and Jackson Retirement Village, L.P., were added as defendants to the action, and they filed their answer. Jackson Family Apartments and Jackson Retirement Village were in a partnership with Knoll Group Partners to manage the two low-income housing projects adjacent to the property sold to the Church. (The three defendants-appellants are collectively referred to as "appellants.")
An amended complaint was filed to which appellants filed an answer along with a counterclaim against the Church. The Church subsequently responded to the counterclaim.
Frontier filed its motion for summary judgment in January 2000. Appellants also filed a motion for summary judgment. Both parties stated in their motions that there were no factual issues to be decided and the sole issue was the legal interpretation of the deed restriction. Subsequently, both Frontier and appellants responded with a memorandum in opposition to the other's motion for summary judgment. The Church also filed a memorandum in support of Frontier's motion for summary judgment.
The trial court denied appellants' motion for summary judgment and granted that of Frontier, finding that the deed restriction did not prohibit the housing project proposed by Frontier and the Church. No decision was issued regarding appellants' counterclaim against the Church, seeking rescission of the transaction and reconveyance of the subject real estate. The trial court indicated in its entry that there existed "no just reason for delay" pursuant to Civ.R. 54.
III. The Appeal
Appellants timely filed a notice of appeal and present the following assignments of error for our review.
First Assignment of Error:
 THE TRIAL COURT ERRED IN DENYING DEFENDANTS'/APPELLANTS' MOTION FOR SUMMARY JUDGMENT IN THAT THE UNDISPUTED FACTS BEFORE THE TRIAL COURT CLEARLY ESTABLISHED THAT THE RESTRICTIVE COVENANT CONTAINED IN THE DEED PROHIBITS PLAINTIFFS/APPELLEES FROM BUILDING THEIR CONTEMPLATED HOUSING PROJECT ON THE PROPERTY.
Second Assignment of Error:
 THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT OF PLAINTIFFS/APPELLEES IN THAT THERE ARE, AT A MINIMUM, GENUINE DISPUTES OF MATERIAL FACT AS TO WHETHER THE HOUSING PROJECT PROPOSED TO BE BUILT BY PLAINTIFFS/APPELLEES IS IN VIOLATION OF THE RESTRICTIVE COVENANTS CONTAINED IN THE DEED PERTAINING TO THE REAL ESTATE UPON WHICH PLAINTIFFS/APPELLEES PLAN TO BUILD THEIR HOUSING PROJECT.
We will address the appellants' assignments of error conjointly because the arguments raised in these assignments of error involve the same issue — the interpretation of the deed restriction.
A. Standard of Review
We conduct a de novo review of the trial court's grant of summary judgment pursuant to Civ.R. 56. See Renner v. Derrin Acquisition Corp. (1996), 111 Ohio App.3d 326, 676 N.E.2d 151. The Supreme Court of Ohio has laid out the proper test to determine whether summary judgment is appropriate.
 Under Civ.R. 56, summary judgment is proper when "(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party."
Welco Industries, Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344,346, 617 N.E.2d 1129, 1132, quoting Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 364 N.E.2d 267, 274. Therefore, we give no deference to the judgment of the trial court. See Renner, supra.
Furthermore, "[t]he construction of written contracts and instruments of conveyance is a matter of law." Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241, 374 N.E.2d 146, paragraph one of the syllabus.
B. The Rules of Deed-Restriction Interpretation
When construing the language contained in a restrictive covenant, the trial court should determine the intent of the parties through the language used. See Hitz v. Flower (1922), 104 Ohio St. 47, 135 N.E. 450. The court should give the language contained in the restrictive covenant its common and ordinary meaning in light of the factual circumstances surrounding the writing of the restrictive covenant.
See Arnoff v. Chase (1920), 101 Ohio St. 331, 128 N.E. 319. In addition, "Common words appearing in a written instrument will be given their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument." Alexander v. Buckeye Pipe Line Co., 53 Ohio St.2d 241,374 N.E.2d 146, paragraph two of the syllabus.
Nevertheless, "Where the right to enforce a restriction contained in the conveyance as to the use of the property conveyed is doubtful all doubt should be resolved in favor of the free use thereof for lawful purposes by the owner of the fee." Hunt v. Held (1914), 90 Ohio St. 280,107 N.E. 765, paragraph one of the syllabus; see, also, Hitz v. Flower,104 Ohio St. 47, 135 N.E. 450, paragraph one of the syllabus. Moreover, deed restrictions are strictly construed against the limitations on the use of land. See Loblaw, Inc. v. Warren Plaza, Inc. (1955),163 Ohio St. 581, 127 N.E.2d 754, paragraph two of the syllabus.
This court has previously summarized the foregoing principles in Benner v. Hammond (1996), 109 Ohio App.3d 822, 673 N.E.2d 205, wherein we stated that,
 Determining the intent of the parties through the language the parties have employed is the goal of interpreting a restrictive agreement. Hitz v. Flower (1922), 104 Ohio St. 47, 57, 135 N.E. 450. The court must construe the language of the covenant by giving it its common and ordinary meaning in light of the factual circumstances surrounding the writing of the restrictive covenant. Arnoff v. Chase (1920), 101 Ohio St. 331, 335, 128 N.E. 319; Hunt v. Held (1914), 90 Ohio St. 280, 287, 107 N.E. 765. Further, where the language contained in a deed restriction is unclear and capable of contradictory interpretation, the deed restriction must be construed against the restriction and in favor of the free use of land. Houk v. Ross (1973), 34 Ohio St.2d 77, 296 N.E.2d 266, paragraph two of the syllabus; Bove v. Giebel (1959), 169 Ohio St. 325, 159 N.E.2d 425, paragraph one of the syllabus; Hitz v. Flower, supra. Benner v. Hammond, 109 Ohio App.3d at 827, 673 N.E.2d at 207-208.
C. The Disputed Deed Restriction
In the case sub judice, we are presented with the following deed restriction:
 Grantee, for itself, its successors, and assigns, agrees not to construct a Farmers Home Administration (U.S. Department of Agriculture) type of housing project on the above described property.
The arguments in the present case surround the meaning of the word "type," and the effect which that word has on the deed restriction. In other words, appellants argue that by adding the word "type" to the deed restriction (i.e., FHA-type housing project), all forms of low-income housing projects are prohibited.
Appellants argue that this interpretation of the deed restriction is correct because their rationale behind including this restriction was to prevent the creation of any competition for their low-income housing projects.
"Type" has been defined as "qualities common to a number of individuals that distinguish them as an identifiable class," "a particular kind, class, or group," or "something distinguishable as a variety." Webster's Ninth New Collegiate Dictionary (1989) 1277.
Further, Webster's states that, "`Type' may suggest strong and clearly marked similarity throughout the items included so that each is typical of the group." Id.
The language that appellant chose to use in its deed restriction on its face prohibits FHA-type housing projects. Further, the deed restriction clarifies that the FHA is a part of the USDA. The parties agree that there are a number of housing projects supported and subsidized by the FHA and the USDA. Thus, the restriction should be interpreted as prohibiting all housing projects subsidized or established under programs managed by the FHA and USDA.
If appellants' intent was to prevent the construction of any government-subsidized or tax-subsidized, low-income housing on the property, they could have chosen to use language to effect that outcome. However, appellants chose to use language that was very specific to a particular form of government-subsidized housing, FHA-type housing. Since there are a variety of FHA housing programs, FHA-type refers to those programs collectively and the restriction prohibits their construction on the Church's property.
The parties agree that appellants did not want another housing project that would conflict with appellants' projects. Thus, the surrounding circumstances to the transaction were that, appellants, who managed two housing complexes subsidized by the FHA, did not want competition from other FHA or USDA housing projects. Hence, appellants chose language to that effect. See Loblaw, supra (holding that deed restrictions are strictly construed against the limitations on the use of land).
Even if we were to find that the meaning of "FHA-type" in the deed restriction was doubtful or unclear, as appellants alternatively argue, their interpretation of the deed restriction would still fail. "[E]very grant shall be construed, in case of doubt, most strongly against the grantor." Potter v. Burton (1846), 15 Ohio 196, 199. To borrow a maxim from the realm of contract law, "he who speaks must speak plainly or the other party may explain to his own advantage." McKay Machine Co. v. Rodman (1967), 11 Ohio St.2d 77, 80, 228 N.E.2d 304, 307.
Therefore, since the housing project proposed by Frontier and the Church is to be built using tax incentives and not funded by or subsidized by the FHA or USDA, it is not prohibited by the restriction contained in the deed. See, e.g., Seymour v. Rice (Apr. 16, 1980), Ross App. No. 724, unreported.
Accordingly, we OVERRULE appellants' assignments of error in toto and AFFIRM the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellees recover of appellants costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the JACKSON COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J., and Harsha, J.: Concur in Judgment and Opinion.