**Ruddy SULIT, Plaintiff–Appellee,**

v.

**D. BOOTHE & CO.; David T. Boothe, Individually, Defendants– Appellants.**

Nos. 01–3353, 01–3354.

United States Court of Appeals, Sixth Circuit.

Feb. 8, 2002.

Before NORRIS and CLAY, Circuit Judges; SARGUS, District Judge.*

## ORDER

D. Boothe & Co. and David T. Boothe ("Boothe," collectively) appeal the district court order denying their motion to reconsider the order enforcing a settlement agreement in this diversity contract case. *See* 28 U.S.C. § 1332. The parties are represented by counsel and have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, Ruddy Sulit sued Boothe to recover money he believed Boothe owed him for Sulit's work on a construction project. The parties agreed to settle the case by having an independent auditor review the project's records. The settlement agreement called for Boothe to pay Sulit half of the profits as determined by the auditor. The auditor used the revised contract price of $1,800,000 and project costs of $1,719,304 to determine that the project showed a profit of $80,696. When Boothe refused to accept the auditor's figure, Sulit filed a motion to enforce the settlement. Boothe filed a response, contending that the term "profit" was ambiguous. Boothe requested that the court construe the term against Sulit to include additional expenses, or in the alternative, hold an evidentiary hearing. Boothe proffered evidence that the auditor overstated the project's profitability by approximately $60,000 by not deducting overhead expenses. The district court granted Sulit's motion without a hearing. The court concluded that the auditor properly calculated the project's profits and that any ambiguity in the term should be construed against Boothe. The district court also denied Boothe's motion for reconsideration. Boothe filed a notice of appeal and an amended notice of appeal. This court consolidated the appeals.

In their timely appeal, the appellants argue that: (1) "profit" was ambiguous and should have been construed against Sulit; and (2) the district court should have held an evidentiary hearing.

On appeal of a district court order enforcing a settlement agreement, this court reviews the district court's factual findings for clear error and the court's decision to enforce the agreement for an abuse of discretion. *Therma–Scan, Inc. v. Thermoscan, Inc.*, 217 F.3d 414, 419 (6th Cir. 2000). An abuse of discretion exists when a district court relies on clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard. *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir.1995).

■ Upon review, we conclude that the district court did not abuse its discretion when the court enforced the settlement agreement. Before enforcing a settlement, the district court must conclude that agreement has been reached on all material terms. *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir.1988). In this case, the court noted that the "linchpin" of the settlement agreement was that the parties agreed to be bound by the report of the independent auditor. Boothe did not contest this factual finding in the district court or on appeal. *See Therma–Scan, Inc.*, 217 F.3d at 419. By agreeing to let the auditor calculate the project's profits, Boothe gave up the right to question the auditor's methods.

* The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

■ Next, we conclude that the district court properly held that the settlement agreement was not ambiguous. Under Ohio law, "the determination whether a contract is ambiguous is made as a matter of law by the court." *Potti v. Duramed Pharm., Inc.*, 938 F.2d 641, 647 (6th Cir.1991). A contract is ambiguous if, on its face, it is subject to two reasonable interpretations. *See Schachner v. Blue Cross & Blue Shield of Ohio*, 77 F.3d 889, 893 (6th Cir.1996). The auditor determined the project's profits by subtracting the project costs from the contract price. The auditor's approach is consistent with Ohio law and accepted definitions of profit. *See Hunter v. BPS Guard Servs., Inc.*, 100 Ohio App.3d 532, 654 N.E.2d 405, 418 (Ohio Ct.App.1995); *Black's Law Dictionary*, 1226–27 (7th ed.1999). The district court did not improperly apply the law or use an erroneous legal standard by concluding that the term profit, as used in the settlement agreement, was not ambiguous. *See Romstadt*, 59 F.3d at 615.

Finally, we agree with the district court that, even if the term profit were ambiguous, it should be construed against Boothe as the drafting party. *See McKay Mach. Co. v. Rodman*, 11 Ohio St.2d 77, 228 N.E.2d 304, 307 (Ohio 1967). Boothe did not deny drafting the final version of the settlement agreement, but argued that the term was incorporated from Sulit's attorney's settlement proposal. As the drafter of the final settlement agreement, Boothe could have guarded against the risk of any uncertainty in the terms used. The district court did not clearly err when the court found that Boothe drafted the agreement, and properly applied Ohio law concerning ambiguous terms. *See Romstadt*, 59 F.3d at 615.

■ Boothe's argument that the district court should have held an evidentiary hearing to clarify the meaning of profit is without merit. When interpreting an ambiguous term, the fact-finder may consider evidence outside of the agreement to assess the intent of the parties. *See Ohio Historical Soc'y v. Gen. Maint. and Eng'g Co.*, 65 Ohio App.3d 139, 583 N.E.2d 340, 344 (Ohio Ct.App.1989). Boothe proffered evidence that the project was less profitable than the auditor found because the auditor failed to account for overhead costs. Although Boothe's calculations are more favorable to Boothe, they shed no light on what the parties meant when they used the term profit in the settlement agreement. Accordingly, any error in failing to hold an evidentiary hearing was harmless. *See* Fed.R.Civ.P. 61.

For the foregoing reasons, we affirm the district court's order.