This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Robert's Auto Center, Inc., appeals the decision of the Summit County Court of Common Pleas, which granted summary judgment to the appellee, Artie Helmick. This Court affirms.
 I.
{¶ 2} Appellant's president, Robert Winney, became aware of the property at issue when the prior tenant, Dean Newsome, approached him about assigning his lease to him. Appellant used the lease between Newsome and Melvin Helmick to draft a new lease between appellant and Melvin Helmick. In July 1997, Winney and Newsome visited the Helmick's home to present them with the first draft of the lease agreement. At that time, Mr. Helmick was in a wheelchair and was paralyzed. Mr. Helmick did not speak; he only moaned and groaned. Winney and appellee discussed the terms of the lease agreement. Appellee told Winney that she did not want to give the tenant the option to purchase the land and asked Winney to remove that provision from the lease. Winney took the lease agreement and told appellee that he would revise it and get it back to her.
{¶ 3} Winney then delivered to appellee the lease agreement dated July 25, 1997, which is the subject of this appeal. The July 25, 1997 lease agreement was prepared by Winney and contained the following provisions:
{¶ 4} "THIS LEASE made as of the 25th day of July, 1997, between Artie
{¶ 5} Waneta Helmick and Robert's Auto Center, Inc. for the property known as 3039 Wadsworth Road, Norton, Ohio, 44203.
{¶ 6} "***
{¶ 7} "OPTION TO PURCHASE
{¶ 8} "During the initial three (3) year term, August 1, 1997 through August 31, 2000, Robert's Auto Center, Inc. shall have the right to purchase this property as follows:
{¶ 9} "1) Building and land in the amount of $105,000.00.
{¶ 10} "2) Contents, as per attached "Addendum A" for the amount of $15,000.00.
{¶ 11} "The total sum will be $120,000.00."
{¶ 12} After meeting Melvin Helmick, Winney added the following clause:
{¶ 13} "Mrs. Artie Waneta Helmick is acting as agent for Mr. Mel Helmick as he is unable to comprehend this Agreement at this time due to medical complications. Mrs. Helmick acknowledges this and accepts this Agreement as his agent and spouse."
{¶ 14} Mrs. Helmick signed the lease agreement "Artie Waneta Helmick."
{¶ 15} At the time of the signing of the lease, appellee believed that the property belonged to her husband, Melvin Helmick. Winney also believed that Melvin Helmick was the sole owner of the property because the lease shown to him by Newsome referred to Melvin Helmick as the lessor. However, upon Mr. Helmick's death on December 20, 1998, a survivorship deed was registered on January 5, 1999. It was at that time appellee discovered she had been co-owner of the property since April 29, 1996.
{¶ 16} Around the end of 1998, Winney began deducting from the rent costs of different improvements and repairs he claimed to have made. On April 8, 1999, Winney sent a letter to appellee explaining further deductions. Upon receipt of the letter, appellee consulted an attorney who advised her that her lease with Winney was invalid. On May 3, 2000, appellee sent Winney a letter advising him that the lease was invalid and he would be treated as a month to month tenant. On May 10, 2000, appellant sought to exercise the option to purchase. Appellee refused to tender a deed.
{¶ 17} Appellant filed a complaint against appellee seeking specific performance of the purchase option set forth in the lease agreement executed by the parties. Appellee filed counterclaims. Each party filed motions for summary judgment on the complaint. Appellant also filed a separate motion for summary judgment on appellee's counterclaims. The trial court denied appellant's motions for summary judgment. The trial court granted appellee's motion for summary judgment.
{¶ 18} Appellee's counterclaims proceeded to trial. The trial court entered a final judgment disposing of appellee's counterclaims on April 10, 2002.
{¶ 19} Appellant timely appealed, setting forth three assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR
{¶ 20} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR SUMMARY JUDGMENT ON THE COMPLAINT."
 SECOND ASSIGNMENT OF ERROR
{¶ 21} "THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON THE COMPLAINT."
 THIRD ASSIGNMENT OF ERROR
{¶ 22} "THE TRIAL COURT ABUSED ITS DISCRETION IN DECLARING THAT THE LEASE AGREEMENT DATED JULY 25, 1997 BETWEEN THE APPELLANT AND APPELLEE WAS VOID AS A MATTER OF LAW."
{¶ 23} Appellant's assignments of error have been combined for ease of discussion.
{¶ 24} In appellant's first two assignments of error, it argues that the court should have granted its motion for summary judgment and denied appellee's motion for summary judgment on the complaint. Appellant argues in its third assignment of error that the trial court abused its discretion in finding that the lease agreement that is the subject of this appeal was void as a matter of law. This Court disagrees.
{¶ 25} Pursuant to Civ.R. 56(C), summary judgment is proper if:
{¶ 26} "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 327.
{¶ 27} Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court.McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292-293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id at 293. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v. Henkle (1991),75 Ohio App.3d 732, 735.
{¶ 28} "Whether verbal or written, the general rule of contract formation is that there must be: (1) an offer; (2) acceptance; (3) consideration; and (4) a legal subject matter." Camastro v. Motel 6Operating, L.P. (Apr. 27, 2001), 11th Dist. No. 2000-T-0053, citingRavenna v. Fouts (Feb. 4, 1994), 11th Dist. No. 92-P-0098. Therefore, for a contract to exist there must first be mutual assent or a meeting of the minds as to the offer and acceptance. Ravenna, supra. See, also, Noroskiv. Fallet (1982), 2 Ohio St.3d 77, 79.
{¶ 29} The parties agree that they both believed that Mr. Helmick was the sole owner of the property when they entered into the lease. Winney even admits after meeting Mr. Helmick he added the agency language to the lease. Then, despite this fact, Winney claims that no agency existed between Mrs. Helmick and her husband and that the contract was solely between appellant and Mrs. Helmick. This flies in the face of the lease itself which provides that Mrs. Helmick is acting as her husband's agent.
{¶ 30} The most that appellant could hope to show is that there is ambiguity in the agreement as to who the parties to the lease are. Even there, it is "well established that where there is doubt or ambiguity in the language of a contract it will be construed strictly against the party who prepared it." McKay Machine Co. v. Rodman (1967),11 Ohio St.2d 77, 80. Winney drafted the agreement and specifically added the agency language; therefore, any ambiguity will be resolved against appellant.
{¶ 31} Consequently, as appellant now submits there was no agency and the agreement provides that Mrs. Helmick was acting as her husband's agent in the agreement, there was no valid contract between the parties.[1]
{¶ 32} Appellant's three assignments are overruled.
 III.
{¶ 33} For the foregoing reasons, the judgment of the trial court is affirmed, albeit for different reasons than expressed by that tribunal.
WHITMORE, J. CONCURS.
[1] Since both parties agree they were under the mistaken belief that Mr. Helmick was the sole owner of the property, the contract would also fail on the basis of a mutual mistake fact, which resulted in a lack of "meeting of the minds" as to ownership. "[A] mutual mistake of fact calls into question the very existence of the contract." Reitz v. West
(Aug. 30, 2000), 9th Dist. No. 19865.