[Cite as *Riley v. Riley*, 2022-Ohio-67.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


DAVID L. RILEY

      Plaintiff-Appellee

-vs-

KAYLEIGH A. RILEY

      Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. John W. Wise, J.
Hon. Earle E. Wise, Jr., J.

Case No. 21 CA 00004

O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 19 DV 00216 |
| JUDGMENT: | Afffirmed |
| DATE OF JUDGMENT ENTRY: | January 12, 2022 |


APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| DAVID L. RILEY<br>PRO SE<br>6522 Stagecoach Road<br>Rushville, Ohio 43150 | DANAMARIE K. PANNELLA<br>HOLLAND AND MUIRDEN<br>1343 Sharon-Copley Road<br>P. O. Box 345<br>Sharon Center, Ohio 44274 |

*Wise, John, J.*

**{¶1}** Defendant-Appellant Kayleigh A. Riley appeals the March 4, 2021, decision of the Perry County Court of Common Pleas, Domestic Relations Division, finding her in contempt of court.

**{¶2}** Appellee has not filed a brief in this matter

<u>STATEMENT OF THE FACTS AND CASE</u>

**{¶3}** The undisputed facts as set forth by the trial court in its March 4, 2021, Judgment Entry, are as follows:

**{¶4}** On September 9, 2020, the parties were divorced and a Shared Parenting Decree was filed wherein the parties were ordered to fulfill all obligations imposed under the shared parenting plan. The shared parenting plan contained a provision for the family dog. The parties, who were both represented by Counsel, agreed that the issue was to be determined by the Magistrate. The Magistrate filled in that provision in the Shared Parenting Plan stating:

> After taking testimony, the Court orders that the family dog Nellie shall follow the minor children's schedule. The parties shall equally divide all expenses for the family dog. Major veterinary decisions shall be made by mother. If a licensed Veterinarian opines that the dog traveling is detrimental to her health, then the dog shall live with mother.

**{¶5}** On September 18, 2020, Appellee filed a motion for contempt against Appellant alleging that she had not complied with the Shared Parenting Decree because she did not transfer Nellie with the minor children.

**{¶6}** On October 5, 2020, Appellant filed a response to the motion, which included a letter from licensed veterinarian Dr. Rhonda Masterson who stated that it would be in the dog's "best interest" to stay with Appellant full-time.

**{¶7}** On November 4, 2020, a contempt hearing was held before a magistrate. At said hearing, the Magistrate noted that Appellant had attempted to file the letter from the Veterinarian with the court along with other documentation and photographs but that same were returned to Appellant because the case was closed and because it was not presented in the form of a motion. (T. at 5-6, 27).

**{¶8}** On November 24, 2020, a Magistrate's Decision and Order were filed in this case wherein the Magistrate found Appellant in contempt for failing to send the dog, Nellie, with the minor children during Appellee's parenting time. In said Decision, the Magistrate stated that after the September 9, 2020, Decision was announced, Appellant

> … inquired of the Court as to whether she just needed to go to a veterinarian to avoid Nellie having to travel in accordance with the Shared Parenting Plan. The Court admonished [Appellant] and articulated that if [Appellant] made efforts to manufacture a reason why Nellie could not travel with the children to [Appellee's] home. [sic] Further, the Court noted than an outcome of such efforts could result in Nellie living exclusively with [Appellee].

> (11/24/2020 Magistrate's Decision ¶2).

**{¶9}** The Magistrate went on to clarify

> Further, the Court will note that it did not place any language in the Shared Parenting Plan that would automatically allow Nellie to stay with

[Appellant] if an opinion from a veterinarian was obtained. Instead, a Motion to Modify the Shared Parenting Plan would need to be filed and an evidentiary hearing would need to occur. Further, reports from the experts providing their opinions would have to be distributed. Lastly, the individual providing the expert testimony would have to be subpoenaed to Court to testify and be qualified as an expert in accordance with the Ohio Rules of Evidence."

(11/24/2020 Magistrate's Decision ¶3).

{¶10} The Magistrate found that Appellant had failed to send Nellie with the children during any of Appellee's parenting time, and that Appellant decided to "willfully disregard the orders of the Court." (11/24/2020 Magistrate's Decision ¶4).

{¶11} The Magistrate found Appellant guilty of contempt and sentenced her to thirty (30) days in jail and imposed a fine of $250.00. The fine and jail were stayed on condition that Appellant ensured the dog is with the minor children during each and every period of parenting time.

{¶12} On November 27, 2020, Appellant filed an Objection to Magistrate's Decision; Motion for Leave to Supplement Objections.

{¶13} On February 22, 2021, Appellant filed a Supplement to Objection to Magistrate's Decision.

{¶14} At said hearing, Appellant submitted a letter from Dr. Masterson. The court found that the letter was hearsay, but admitted it as evidence. The letter discusses pictures of frozen water bowls and the dog being left out in the cold, which were issues

from the divorce. These issues were not raised after the Decree of Divorce and Shared Parenting Decree were filed.

{¶15} The trial court noted that neither party filed an appeal of the Shared Parenting Decree ordering the family dog to follow the children's schedule. The court further noted that Dr. Masterson's letter states that Nellie is in good physical condition. The court further noted that Dr. Masterson does not state that the dog traveling is detrimental to her health.

{¶16} By Judgment Entry filed March 4, 2021, the trial court overruled Appellant's objections in part. The trial court found Appellant in contempt of court for failing to allow the dog to follow the minor children's schedule, which the court found was the current court order. The court found that the letter submitted by Appellant from the Veterinarian did not specifically state that it is detrimental to the dog's health to travel. The court imposed a fine of $250.00, which was stayed on the condition that Appellant grant the Appellee make-up time with Nellie for the times she should have been at his home from the date of the decree on September 9, 2020, to the filing of the contempt order on September 18, 2020. The trial court then ordered the make-up time to be completed within thirty (30) days.

{¶17} Appellant now appeals, assigning the following sole error for review:

ASSIGNMENT OF ERROR

{¶18} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DETERMINED THAT APPELLANT WAS IN CONTEMPT OF COURT FOR FAILING TO TRANSFER POSSESSION OF HER DOG, NELLIE, ON THE SAME SCHEDULE AS

HER CHILDREN'S SHARED PARENTING PLAN WHEN SHE RECEIVED A PRIOR OPINION THAT TRAVELING WOULD BE DETRIMENTAL THE DOG."

## I.

**{¶19}** Appellant, in her sole assignment of error, argues that the trial court erred in overruling her objections to the Magistrate's Decision and finding her in contempt of court. We disagree.

**{¶20}** When reviewing objections to a magistrate's decision, the trial court is not required to follow or accept the findings or recommendations of its magistrate. *In re Anderson,* 2d Dist. Montgomery No. 25367, 2013–Ohio–2012, ¶ 14. Civ.R. 53 instructs the trial court to conduct an independent review of the facts and conclusions contained in the magistrate's report and enter its own judgment. *Kovacs v. Kovacs,* 6th Dist. Erie No. E–03–051, 2004–Ohio–2777, ¶ 6. Thus, the trial court's standard of review of a magistrate's decision is *de novo. Howard v. Wilson,* 186 Ohio App.3d 521, 2010–Ohio–1125, 928 N.E.2d 1180, ¶ 7.

**{¶21}** However, "[w]hen a court of appeals reviews the decision of a trial court overruling objections to a magistrate's decision, the standard of review is abuse of discretion." *Palmer v. Abraham,* 6th Dist. Ottawa No. OT–12–029, 2013–Ohio–3062, ¶ 10.

**{¶22}** This Court also reviews contempt findings under an abuse of discretion standard. *Wadian v. Wadian*, 5th Dist. Stark No. 2007CA00125, 2008-Ohio-5009.

**{¶23}** In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶24}** "Civil contempt is defined as that which exists in failing to do something ordered to be done by the court in a civil action for the benefit of the opposing party therein." *Beach v. Beach* (1955), 99 Ohio App. 428, 431, 130 N.E.2d 164, 134 N.E.2d 162. "It is irrelevant that the transgressing party does not intend to violate the court order." *Pedone v. Pedone* (1983), 11 Ohio App.3d 164, 165. "If the dictates of the judicial decree are not followed, a contempt citation will result." *Id.*

**{¶25}** The Ohio Supreme Court has explicitly held a party acting innocently and not in intentional disregard of a court order could not use that innocence as a defense to a charge of civil contempt. *Windham Bank v. Tomaszczyk* (1971), 27 Ohio St.2d 55, 271 N.E.2d 815 [56 O.O.2d 31], paragraph three of the syllabus. "The absence of willfulness does not relieve from civil contempt. * * * An act does not cease to be a violation of a law and of a decree merely because it may have been done innocently." *McComb v. Jacksonville Paper Co.* (1949), 336 U.S. 187, 191, 69 S.Ct. 497, 499, 93 L.Ed. 599.

**{¶26}** "A court has authority both under R.C. 2705.02(A) and on the basis of its inherent powers to punish the disobedience of its orders with contempt proceedings." *Zakany v. Zakany*, 9 Ohio St.3d 192, 459 N.E.2d 870 (1984). "The purpose of sanctions in a case of civil contempt is to compel the contemnor to comply with lawful orders of a court, and the fact that the contemnor acted innocently and not in intentional disregard of a court order is not a defense to a charge of civil contempt." *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d 55, 271 N.E.2d 815 (1971). "It is irrelevant that the transgressing party does not intend to violate the court order. If the dictates of the judicial decree are not followed, a contempt citation will result." *Pedone v. Pedone*, 11 Ohio App.3d 164, 463 N.E.2d 656 (8th Dist. 1983).

**{¶27}** In a civil contempt proceeding, the movant bears the initial burden of demonstrating by clear and convincing evidence that the other party violated an order of the court. *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 416 N.E.2d 610 (1980). "Clear and convincing evidence" is evidence that will form a firm belief in the mind of the trier of fact as to the facts sought to be established. *Cincinnati Bar Assn. v. Massengale*, 58 Ohio St.3d 121, 568 N.E.2d 1222 (1991). Determination of clear and convincing evidence is within the discretion of the trier of fact. *Id.*

**{¶28}** A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. *Geary v. Geary*, 5th Dist. Delaware No. 14CAF050033, 2015-Ohio-259.

**{¶29}** The record shows Appellee met his burden of demonstrating, by clear and convincing evidence, that Appellant violated the September 9, 2020, order of the court by not sending the family dog with the children during Appellee's parenting time. Appellant admitted she did not send the dog, but testified that she believed that she did not have to because she had a letter from a veterinarian stating that the transfers would not be in the dog's best interest.

**{¶30}** Upon review, we find that the Court's order that the dog was to follow children according to the Shared Parenting schedule was and is the current order of the court. The order has not been modified and at the time of the filing of this appeal, no motion to modify the Shared Parenting Plan had been filed to change the order as it applies to the dog. Further, as stated by the trial court, the veterinarian's letter does not

specifically state that traveling back and forth with the children between households would be "detrimental" to Nellie's health.

{¶31} The trial court, as the trier of fact, "is the sole judge of the weight of the evidence and the credibility of the witnesses." *McKay Machine Co. v. Rodman*, 11 Ohio St.2d 77, 228 N.E.2d 304 (1967).

{¶32} Based on the record before us, we find the trial court did not abuse its discretion in finding Appellant in contempt. We do not find the trial court's decision to be arbitrary, unreasonable, or unconscionable.

{¶33} Appellant's sole assignment of error is overruled.

{¶34} Accordingly, the decision of the Court of Common Pleas, Domestic Relations Division, Perry County, Ohio, is affirmed.


By: Wise, John, J.

Gwin, P. J., and

Wise, Earle, J., concur.


JWW/kw  0110